Broman v. Kimball.

No. 23,899.

C. V. BROMAN, *Appellant*, v. JAMES KIMBALL, *Appellee*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Automobile Collision—Contributory Negligence.* Where answers to special questions show that one who sustained damages in an automobile collision was guilty of contributory negligence he cannot recover.

2. SAME—*Pleadings—Findings.* An allegation in an answer that the plaintiff, who sustained damages in an automobile collision, heedlessly, negligently, and carelessly drove his automobile into one driven by the defendant, is sustained by a special finding that the plaintiff did not look ahead, where there was no motion to make the answer more definite and certain.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed November 4, 1922. Affirmed.

*Z. C. Millikin,* of Salina, for the appellant.

*David Ritchie,* and *Omer D. Smith,* both of Salina, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover damages sustained in an automobile collision. The jury returned a verdict for the plaintiff, but on the answers to special questions submitted to the jury judgment was rendered in favor of the defendant. The plaintiff appeals.

The special questions and the answers thereto are as follows:

"1. How wide was the traveled part of the public highway at the place of the collision? A. About 30 feet.

"2. Did defendant know prior to the time of the collision that such public highway was frequently traveled by automobiles going north and south? A. Yes.

"3. When defendant was entering the public highway from his private road if he had looked could he have seen the approach of the plaintiff's automobile in time to have avoided the injury? A. Yes.

"4. Did defendant's automobile strike the plaintiff's car at a point nearly opposite the opening in the hedge? A. Yes.

"6. Do you find that plaintiff was guilty of contributory negligence? A. Yes.

"7. If you answer 'Yes,' state in what such negligence consisted? A. In not looking ahead.

"8. Was the defendant's car turned to the north and east at the time the cars came together? A. Yes.

Broman v. Kimball.

"9. Did the front end of the Broman car strike the front end of the Kimball car?  A.  No.

"10. How fast was the Kimball car being driven from the house out to the public highway?  A.  About 7 miles per hour.

"11. Do you find that the defendant was negligent?  A.  Yes.

"12. If you answer the last question 'Yes' then state of what such negli-gence consisted?  A.  By not looking to the north and south before entering public highway."

1.  The plaintiff argues that judgment should not have been rendered in favor of the defendant on the answers to the special questions.  The findings showed that the plaintiff failed to look ahead and that the collision resulted.  The plaintiff failed to exercise the diligence required of him while traveling in an automobile on the public highway.  His negligence contributed to the injury, and prevented his recovery.

2.  To avoid the effect of the findings of the jury, the plaintiff argues that the act of contributory negligence found was not pleaded.  The answer alleged that—

"Said plaintiff  .  .  .  ran his said auto into the auto of said defendant.  .  .  .

"That with the use of ordinary care and diligence upon the part of the driver of said plaintiff's auto he could have avoided striking the auto of said defendant.  .  .  .

"That there were no obstructions in the highway east of where the said defendant's auto was standing at the time of said collision  .  .  .  and that the cause of said collision was on account of the carelessness and negligence of said plaintiff, his servants and agents, in heedlessly running said auto into the auto of said defendant."

There was no motion to make the answer more definite and certain.  Its allegations were broad enough to include the failure of the plaintiff to look ahead at and immediately prior to the time of the collision.  The allegations were not specific; they were general, but included the act of contributory negligence found by the jury.

The judgment is affirmed.