No. 23,347.

W. B. Fox, a Minor, by Carrie Fox, His Next Friend, *Appellee,*
v. O. McCormick, *Appellant.*

### SYLLABUS BY THE COURT.

1. Negligence — *Collision Between Motor Vehicles — Negligence Sufficiently Charged in Petition.* Where a petition has not been attacked by motion its allegation that the defendant's automobile was driven in a reckless and careless and negligent manner in violation of an ordinance designated by number and date of publication is sufficient to sustain proof of any manner of driving forbidden by such ordinance, at least where no prejudice to the defendant is shown to have been occasioned by such generality of statement.

2. Same—*Ordinance Relating to Right of Way of Vehicles at Street Intersections.* An ordinance giving the right of way at a street intersection to the driver of the vehicle approaching from the right supersedes the old rule favoring whichever reaches the intersection in advance of the other.

3. Same—*Automobile Collision at Street Intersection—Requested Instruction Properly Refused.* In a case growing out of an automobile collision at a street intersection where the defendant's progress on the right side of the street was stopped by a standing street car, an instruction to the effect that he had an absolute right to proceed on the left side, using due caution, is held to have been properly refused where the jury were told that no recovery could be had on account of any violation of the law of the road which was not the proximate cause of the plaintiff's injury.

4. Same—*No "Quotient Verdict."* The rule applied that a verdict is not vitiated by the fact that it is the same in amount as the average of the estimates of the individual jurors, where no agreement on the subject had been made in advance of the markings.

Appeal from Shawnee district court, division No. 1; James A. McClure, judge. Opinion filed December 10, 1921. Affirmed.

*Otis E. Hungate,* and *Paul H. Heinz,* both of Topeka, for the appellant.

*J. E. Addington, Frank Doster,* and *J. E. Larimer,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: A collision occurred at the intersection of Tenth street and Morris avenue in Topeka, between a Ford car driven east on Tenth street by its owner, W. B. Fox, and a truck driven north on Morris avenue by an employee of O. McCormick. Fox sued McCormick on the ground that the collision was due to the negligence of his driver and recovered a judgment from which this appeal is taken.

A street-car track occupies the middle of Tenth street east of the place referred to and at that point turns south along Morris avenue, approaching the southeast corner of the intersection so closely that when a street car is standing on the curve an automobile driven north on the east side of Morris avenue has not room to pass between it and the curb. A street car was occupying that position at the time of the accident. There was a conflict of evidence as to which car ran into the other, but the verdict must be deemed for present purposes to establish the correctness of the plaintiff's version of the affair, according to which the collision occurred in this manner: The plaintiff's Ford arrived at the intersection about the same time as the street car and continued straight ahead. The defendant's truck swerved to the west to pass the street car and while continuing north on the west side of the intersection ran into the Ford after it had passed the middle line of Morris avenue.

1. The defendant asserts that the instructions authorized a finding against him on the ground of his having violated a provision of a city ordinance forbidding a vehicle to be driven within eight feet of a street car while it is standing still to take on or discharge passengers, and that this constituted error because the petition did not allege that form of negligence. The petition alleged that the defendant's truck was driven north on the west side of Morris avenue "in a reckless and careless and negligent manner, and at a high rate of speed, in violation of the statutes and ordinance No. 4,664 of the city of Topeka, published September 9, 1916." The defendant interprets these allegations as charging negligence only in driving. on the wrong side of the street and at an unlawful rate of speed, both acts being violations of the ordinance. The same

ordinance contains the provision establishing the eight-foot regulation as to standing street cars. The allegation that the car was driven in a reckless and careless and negligent manner in violation of the designated ordinance seems broad enough to cover in general terms any manner of driving forbidden by that ordinance, and as the pleading was not attacked by motion a verdict which might be based upon negligence in approaching too close to a standing car ought not to be reversed on the ground of that form of negligence not having been pleaded, especially since there is nothing to suggest that the defendant suffered any prejudice from the lack of a specific reference in the petition to that part of the ordinance. It is unlikely that the verdict was based upon it. The driver of the truck testified that he was about ten feet from the street car when he passed it and there was no other testimony on the subject. The instructions made no reference to the matter except by mentioning this regulation with others in stating the provisions of the ordinance, and adding in substance that if the defendant was found to have violated any of them a verdict could not be returned for the plaintiff on that account unless it was also found that such violation "directly contributed to and was the proximate cause of the injury" for which damages were allowed—a reservation which appears to have sufficiently protected the defendant.

2. Complaint is also made of the statement in an instruction that "the ordinance of the city of Topeka as to the right of way at crossing intersections provides that the ordinary rules of the road govern, as herein instructed, and that the driver on the right has the right of way." Of this the defendant says: "This is not the law. No driver of a vehicle which has not yet reached the intersection has the right of way over a driver in the intersection. A driver on the left side of the street has a right to cross the intersection on that side if there is no one in the intersection when he enters it." The court correctly stated the general rule as fixed by ordinance and no further instruction on the subject was asked. If one had been asked in the language now used by the defendant its refusal would have been proper. The old rule giving the right of way at a street intersection to a vehicle reaching it in advance of one approaching on the cross street (Huddy on Automobiles, 5th ed., § 261; *Carson v. Turrish,* 140 Minn. 445, and authorities there cited) has been largely modified by statute or ordinance (Huddy on Automobiles, 5th ed., § 262) so as to give preference to the driver ap-

proaching from the right, and in the present case the ordinance to that effect controlled. Possibly the older rule may. be regarded as changed by general practice, irrespective of legislation, not being suitable to automobile traffic, the greater speed of such vehicles requiring the possessor of the right of way to be determined before either car has entered the intersection.

3. The defendant complains of the refusal to give an instruction which he asked, reading as follows:

"You are instructed that if you find from the evidence, that when the truck of the defendant reached the point in Morris avenue near the intersection of said avenue with Tenth street, that said truck could proceed no farther on the east side of the street on account of a street car obstructing the passage way on said east side of Morris avenue, that the person operating defendant's truck would not be compelled to stop the said truck and wait until the street car moved so that he could proceed on the east side of the street; but that, under such circumstances, the person in charge of defendant's truck would have the right to drive said truck to the west side of the street if necessary to pass said street car, and if in doing so, he exercised reasonable and ordinary care for the safety of others, he would not be guilty of negligence."

The requested instruction is open to criticism as likely to be understood to mean that as a matter of law the defendant could not be required to stop until the street car had gone on but had an absolute right under any circumstances to proceed on the left side of the street. So far as the requested instruction was adapted to protect the defendant against being held liable merely because he had violated some general rule which was inapplicable because of exceptional conditions its place was sufficiently taken by the repeated statement in the course of the charge that no liability could be founded upon any unlawful manner of driving that did not contribute to the injury or constitute its proximate cause.

4. It is contended that the result reached by the jury was a "quotient verdict." Each of the jurors set down his own estimate of the proper amount of recovery. The average of these was adopted as the decision of the jury. It was shown that there was no agreement in advance that the result of the markings should be binding upon any one or become the basis of a verdict. Under the rule that has frequently been announced the verdict is not vitiated by the fact that the amount finally agreed upon is the same as the average of the markings. (*Hamilton v. Railway Co.,* 95 Kan. 353, 148 Pac. 648.)

The judgment is affirmed.