No. 23,772.

EWART S. HUGHES, *Appellee,* v. HUDSON-BRACE MOTOR COMPANY, AND L. E. TANNER, *Appellants.*

SYLLABUS BY THE COURT.

1. AUTOMOBILES—*Collision at Street Intersection—Negligence—Petition States Cause of Action.* Especially where a petition is not attacked by motion or demurrer, the fact that it does not use the word negligence or a derivative thereof does not prevent its statement of a cause of action for negligent injury, where the acts complained of are alleged to have been illegal and in violation of the defendants' obligations.

2. SAME—*Ownership of Automobile—Admissions in Answer.* An admission in the answer that the driver of a car at the time of its collision with another was engaged in demonstrating cars for its owner is held to dispense with any evidence on the subject.

3. SAME—*Exceeding Statutory Speed Limit.* The question whether the plaintiff in exceeding the statutory speed limit and in failing to see another car in time to prevent a collision was guilty of negligence contributing to his injury is held to have been one of fact, properly submitted to the jury.

4. SAME—*Automobiles Approaching Street Intersection—Which Has the Right of Way?* Where by ordinance a vehicle approaching a street intersection from one direction is given the right of way over one approaching it from another, the driver of an automobile from the disfavored direction is not required under all circumstances before attempting to cross to await the passage of every car he can see coming from the other direction which by any possible burst of speed might reach the crossing of their paths ahead of him. It is not negligence as a matter of law for a driver from either direction to undertake to cross the intersection ahead of a car which is at such a distance that he has ample time to get across provided the other does not exceed the highest speed he should reasonably anticipate. And it is held that in the present case the evidence warranted a finding that the defendants' car was coming so rapidly that the plaintiff in the exercise of due diligence in that regard underestimated its speed and reasonably believed that he had abundant time to cross until it was too late for him to do anything to avoid a collision.

5. SAME—*Findings of Negligence—Not a Material Variance from Pleadings.* Where in an automobile collision case a question is submitted to the jury calling for a statement of the character of the defendant's negligence, a reversal of a judgment in favor of the plaintiff is not required by the answer—"entering intersection on wrong side of street at excessive speed," although the defendant's being on the wrong side of the street was not pleaded nor submitted to the jury.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed June 10, 1922. Affirmed.

*David F. Carson,* and *C. A. Miller,* both of Kansas City, *William G. Busby, Sam Sparrow,* and *A. Z. Patterson,* all of Kansas City, Mo., for the appellants.

*L. O. Carter,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: Ewart S. Hughes was driving an automobile west on Washington avenue in Kansas City, Kan., while L. E. Tanner, who was in the employ of the Hudson-Brace Motor Company, was driving one belonging to that company north on Sixth street. The cars came together near the northwest corner of the intersection of these streets, the evidence being in conflict as to which struck the other. Hughes sued Tanner and the Motor Company for injuries received by him, the company asserting a counterclaim because of injury to its car. The plaintiff recovered a judgment and the defendants appeal.

1. Complaint is made of the overruling of a demurrer to the plaintiff's evidence and of a motion for a peremptory instruction in favor of the defendants on the ground that the petition failed to state a cause of action, inasmuch as it did not allege that Tanner's handling of the car he was driving was negligent. The pleading did not in so many words characterize his conduct as negligence, but it alleged that he drove at a high, dangerous and excessive rate of speed, to wit: forty-five or fifty miles an hour, disregarding his legal obligations and violating a city ordinance. The speed alleged would be unlawful because of the statute, which did not require to be pleaded. The omission of the term negligence or a derivative was immaterial. An allegation that a train was run at sixty miles an hour has been held not to charge negligence (*Railway Co. v. Wheeler,* 70 Kan. 755, 79 Pac. 673), but this is not true of a statement that an automobile was driven at a high, dangerous and excessive rate of speed in violation of the statute and an ordinance.

2. The same rulings are attacked by the defendant company on the ground that there was no evidence that Tanner at the time of the collision was engaged in its business. The petition alleged that at all times therein referred to he was employed by the company and engaged in demonstrating its cars and was so working and employed at the time the accident occurred. The company's answer contained an admission that he was "at the times mentioned in plaintiff's petition engaged in the sale and disposition of" its cars "and was at said times . . . employed by it and engaged in demonstrating and selling" its cars. We consider this admission as having eliminated the issue referred to and rendered the introduction of evidence thereon unnecessary.

3. The same rulings are also challenged on the ground that the undisputed evidence showed that the plaintiff was guilty of contributory negligence. The jury found that the plaintiff's car was going fifteen miles an hour. This was a violation of the statute restricting the speed of automobiles in city streets to twelve miles an hour and to six miles at intersections. (Laws 1917, ch. 74, § 5.) Whether this conduct contributed to the accident, however, was a question for the triers of the facts. The plaintiff testified that he saw the defendants' car while it was still a block away, but did not look for it again until he was half way across Sixth street, when it was too late for him to prevent a collision. Whether this course amounted to contributory negligence was likewise a matter to be

determined in the light of all the circumstances, including the speed of the defendants' car, which one witness estimated at sixty-five miles an hour.

4. The question as to which driver had the right of way is one to be considered in determining the matter of contributory negligence, whether or not it would be controlling. Tanner testified: "I certainly thought I had time to cross the boulevard ahead of that car because I knew I was entitled to the right of way. I knew that Sixth street was a boulevard and knew the traffic ordinances of this town, and that the north and south traffic has the right of way." The provision of the ordinance to which he obviously referred reads:

"Whenever vehicles approaching each other on different streets shall reach the intersection of such streets at the same time, the vehicles proceeding on the street running north and south shall have the right of way unless such east and west street is a boulevard, or a street on which street car tracks are located, in which event the vehicle proceeding on the boulevard or street on which said street car tracks are located shall have the right of way, but every such vehicle shall be kept under control so as to prevent danger of collision."

The meaning of the ordinance appears to be that the north and south travel shall have the preference at an intersection except where the east and west street is a boulevard (or a car-line street) and the north and south street is not. Here the east and west street, as its name shows, was a boulevard. The defendants introduced an ordinance which they interpret as declaring the other street— Sixth—also to be a boulevard at this point. The plaintiff objected to the introduction of the ordinance on the ground that it had not been pleaded. The answer, however, alleged that Tanner had the right of way and this allegation we consider sufficient to support the evidence. The ordinance making a part of Sixth street a boulevard contains a provision excepting that portion between the alley north of Washington street and the street two blocks south of it, which is declared to be "a traffic way for 20 feet in the center thereof." This exception leaves in some doubt the character of Sixth street at the place where the collision occurred. The ordinance regulating traffic contained this provision: "Everything else being equal, the vehicle which has another vehicle on the right hand side shall have the right of way." Although contrary to the general practice and to ordinances of other cities and in some states to the statutes (Huddy on Automobiles, 6th ed., § 262; *Fox*

*v. McCormick*, 110 Kan. 91, 93, 202 Pac. 614), this would control if no other test is applicable. The defendants asked an instruction that if Tanner reached the intersection first he had the right of way. The need of a rule determining which of two vehicles has the right of way arises when they approach an intersection from different directions at such time with reference to each other that unless one yields precedence and slackens speed a collision will be likely to occur. The driver on the right enters into the actual area of the intersection at the very point of collision if one is to take place, while the one on the left enters it while still the width of the street away from that point. It is necessary that the question of precedence shall be determinable while the vehicles are approximately at equal distance from the point of possible collision. A rule giving priority to whichever vehicle first reaches the intersection is obviously not well adapted to automobile traffic. (*Fox v. McCormick*, supra.)

There appears to be some difference of opinion as to the circumstances under which one who sues for injuries sustained in a collision of automobiles at a street intersection may be precluded from recovery as a matter of law because he attempted to cross it in front of a driver from the direction having the preference. (See *Anderson v. A. E. Jenney Motor Co.* [Minn.], 185 N. W. 378, and cases cited in connection therewith in a note in 20 Mich. Law Rev. 801.) Assuming the correctness of the majority decision in the Minnesota case we do not think it would follow that a driver who approached the crossing from the disfavored direction can never maintain an action against the other for running into his car. The occasion for applying the rule of the statute or ordinance or practice concerning the right of way arises only where the two vehicles approach the intersection at such distances and speed that a collision is probable unless one of them slows up. The giving of a preference to the driver on the right does not imply that the driver on the left is never justified in attempting to cross the intersection so long as there is in sight a car on his right which might by some unexpected burst of speed beat him to the point where their paths cross. The rule assumes the normal and reasonable operation of both cars. The fact of the legal speed limit being exceeded or that one car was going faster than the other would not necessarily control; but it is not negligence as a matter of law for a driver from

26—111 Kan.

either direction to undertake to cross the intersection ahead of a car which is at such a distance that he has ample time to get across, provided the other car does not exceed the highest speed he has reason to anticipate. Assuming that in the present case the ordinance gave preference to the vehicle from the south over that from the east, we think a verdict for the plaintiff is sustainable upon the ground that the evidence justified a finding that the defendants' car was coming so rapidly that the plaintiff in the exercise of due diligence in that regard underestimated its speed and reasonably believed that he had abundant time to cross ahead of it until it was too late for him to do anything to avoid the collision. (*Schultz v. Nicholson,* 189 N. Y. Supp. 722; *Weber v. Beeson,* 197 Mich. 607; *Barnes v. Barnett,* 184 Iowa, 936.)

5. In answer to a special question asking them to state fully of what the defendants' negligence consisted the jury answered: "Defendant entering intersection on wrong side of street at excessive rate of speed." It is urged that the finding requires the verdict to be set aside because it shows reliance on a ground of negligence not set out in the petition or submitted in the instructions. There was evidence that Tanner entered the intersection on the left side of Sixth street just after passing a Ford car for which he turned out. This was not pleaded nor was any reference made to it in the charge to the jury. It does not affirmatively appear, however, that the jury regarded the fact that Tanner was on the wrong side of the street as an independent ground of negligence rather than one of the conditions that accompanied the negligent act of driving at excessive speed, which under the circumstances they regarded as negligence and as the proximate cause of the accident. At all events, inasmuch as a sufficient ground of negligence was specifically found, we do not think it necessary to order a reversal because of the inclusion of another ground which was unavailable because not pleaded. The defect in this regard is less serious than where an additional ground of negligence is included in the special findings without evidence to support it, and that has been held not to require a new trial. (*M. K. & T. Rld. Co. v. Weaver,* 16 Kan. 456.)

The judgment is affirmed.