No. 24,702.

E. B. VAN GUNDY, by his next friend, O. J. BOLING, *Appellee,* v. THE PACKARD MOTOR CAR COMPANY, *Appellant,* and A. H. FLYNN, *Defendant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Motor Car Driven by Company's Agent—Findings of Negligence against Both the Company and Agent—General Verdict against the Company and in favor of the Agent—Judgment against the Company.* A motor car company and its agent were made defendants in an action for damages sustained by plaintiff through negligence of the agent in driving an automobile. The jury found specially the company was guilty of stated negligence, and found specially the agent was guilty of the same negligence, but returned a general verdict against the company and in favor of the agent. *Held,* the special findings were controlling, and judgment was properly rendered against the company.

2. SAME—*Various Assignments of Error Without Merit.* Various assignments
of error considered, and held to be without substantial merit.

. Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK,
judge. Opinion filed October 6, 1923. Affirmed.

*Chester I. Long, Joseph D. Houston, Austin M. Cowan, Claude I. Depew,
James G. Norton, W. E. Stanley, Warren F. Wattles,* all of Wichita, *O. C.
Mosman, Clay C. Rogers,* and *Paul A. Buzard,* all of Kansas City, Mo., for
the appellant.

*Thomas C. Wilson,* and *Henry Lampl,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.:   Van Gundy recovered damages against the motor
car company for injuries sustained in the accident referred to in
the opinion in *Stimpson v. Motor Car Co.,* ante, p. 363. The com-
pany appeals.

Flynn was joined as a defendant. The verdict reads as follows:

"We, the jury empaneled and sworn in the above entitled case, do upon
our oath find for the plaintiff, E. B. Van Gundy, and against the defendant,
The Packard Motor Car Company, and assess the amount of plaintiff's re-
covery at $5,000, and we further find for the defendant, A. H. Flynn."

The company moved to set aside the verdict against it on the
ground the general verdict in favor of Flynn acquitted the company
of liability. The motion was denied, and judgment was rendered
against the motor car company, notwithstanding the verdict in favor
of Flynn.

The company cites the familiar cases in which it is held that,
when liability of a principal or master depends on culpability of
his agent or servant, adjudication that the agent or servant was
without fault establishes nonliability of the principal or master.
The cases do not apply to the situation disclosed by this record.

The pertinent portions of the petition appear in the opinion in
the Stimpson case. Liability of the company was predicated on
the fact its agent negligently injured the plaintiff. General agency
of Flynn was indisputably admitted by the pleadings. While the
court held to the view taken in the Stimpson case, that agency to
drive the automobile at the time of the accident was not admitted
by the pleadings, proof was admitted, not merely against Flynn,
but against the company itself, establishing the fact Flynn was
acting in the scope and course of his employment. At the close of
the plaintiff's evidence the company demurred. When the demurrer
was overruled the company stood upon it and introduced no evi-

dence whatever. Flynn contested, and introduced much defensive evidence. In the course of the introduction of this evidence, counsel for the company stated, "The Packard Motor Car Company is out of it now," and the court instructed the jury the evidence was not to be considered as applying to the closed case of the company.

The court instructed the jury that it was admitted the defendant was a corporation and Flynn was its agent, that a corporation is liable for acts of its agent done in the scope of his employment and while acting in the course of the corporation's business, and instructed the jury specifically as follows:

"In order to render the defendant, The Packard Motor Car Company, liable in this action, plaintiff must first establish by a preponderance of the evidence that the collision occurred while the said defendant Flynn was acting within the scope of his employment as the agent and servant of The Packard Motor Car Company and while engaged in the business of the Packard Motor Car Company. Proof by a preponderance of the evidence that, at the time of the collision, the defendant Flynn was returning to the office or place of business of The Packard Motor Car Company from a trip which he had made from such office to another place in search of a tire to be used in the company's business, would be sufficient to meet the foregoing requirement, and if you should find such facts by a preponderance of the evidence, you are instructed that, at the time in question, the defendant Flynn would be acting in the scope of his employment and in the course of his employer's business, and while so acting his employer would be liable for the proximate results of his negligence, if any, as hereinafter instructed."

Special findings of fact were returned by the jury. They were that the plaintiff slackened speed and went into the street intersection in a lawful manner and with ordinary care; the plaintiff had the right of way, was exercising ordinary care, and could not have prevented the collision after seeing the automobile; Flynn was negligent in that he was unlawfully speeding; and the defendant, The Packard Motor Car Company, was negligent in that it was unlawfully speeding.

The company asserts that, by applying to the verdict in favor of Flynn logical deductions from the doctrine of *respondeat superior*, it was acquitted. Flynn's general agency was admitted, and as a matter of fact, as shown in Stimpson's case, his agency to drive the car at the time of the accident was admitted. However, the proof that he was acting in the scope and course of his authority was not disputed. The court told the jury that proof would bind the company for his negligence. The jury found specially he was negligent, found specially the company was negligent, and stated

Van Gundy v. Motor Car Co.

the company's negligence in the precise terms in which his negligence was stated. The plaintiff was acquitted of fault. There could be no verdict against the company unless Flynn were liable. Therefore, the plaintiff is in position to assert that it has a verdict which, as a matter of fact, did establish Flynn's liability so far as the company is concerned. It is not necessary to place these assertions in opposition to each other, and then indulge in ratiocination from a legal theory of liability. The special findings of fact were wholly inconsistent with the verdict in favor of Flynn, were entirely consistent with the verdict against the plaintiff, and the court properly exercised the authority conferred upon it by the civil code.

"When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly." (Gen. Stat. 1915, § 7194.)

There is nothing else of importance in the case. Instructions of the court are criticised. The following is an illustration:

"Instruction No. 14 does not correctly state the law concerning the right of way at street intersections. The correct statement of the law is set out in *Fox v. McCormick*, 110 Kan. 91, 93, where we read: 'The old rule giving the right of way at a street intersection to a vehicle reaching it in advance of one approaching on the cross street (Huddy on Automobiles, 5th ed., § 261; *Carson v. Turrish*, 140 Minn. 445, and authorities there cited), has been largely modified by statute or ordinance (Huddy on Automobiles, 5th ed., § 262), so as to give preference to the driver approaching from the right, and in the present case the ordinance to that effect controlled. Possibly the older rule may be regarded as changed by general practice, irrespective of legislation, not being suitable to automobile traffic, the greater speed of such vehicles requiring the possessor of the right of way to be determined before either car has entered the intersection.' "

Instruction No. 14 was carefully framed in accordance with the views expressed in the Fox case, as the following quotation indicates:

"Owing to the speed at which modern traffic moves, it is necessary that the possessor of the right of way be determined before a motor vehicle reaches the actual intersection of the streets. The point at which the right of way arises prior to the actual reaching of the intersection is fixed by the rules of reasonableness."

The court then proceeded to bring the subject within the jury's comprehension by admirable discussion.

Other criticisms of the proceedings are without substantial merit. The judgment of the district court is affirmed.