Koger v. Keller.

---

No. 26,154.

O. L. KOGER, *Appellee*, v. N. E. KELLER, *Appellant*.

SYLLABUS BY THE COURT.

1. MOTOR VEHICLES—*Liability for Injuries from Collision—Negligence—Evidence*. A finding by a jury that a collision at an intersection of streets between a motor cycle driven by a policeman and a motor truck driven by a citizen, was due to the negligence of the latter, which made him liable for resulting damages, is held to be sustained by the evidence.

2. SAME—*Speed Regulations—Application to Policeman*. Under a city ordinance limiting the speed of vehicles on the streets and at intersections there was a provision that the limitations should not apply to motor vehicles driven by the police or fire department, and where a motor-cycle policeman whose duty it was upon hearing a fire call to follow the fire department to the fire and render assistance to the department, proceeds to answer such call, and in the performance of that duty a collision occurs at an intersection of streets, the speed limitations of the city ordinance would not apply to him at the time.

3. SAME—*Statutory Regulations of Speed—Application to Policeman Answering Emergency Call*. A provision of the state law is that the speed limits prescribed shall not apply to police or fire vehicles when answering emergency calls demanding excessive speed, and it is held that a fire call constitutes an emergency and that the court was warranted in instructing the jury that if the motor-cycle policeman was answering a fire call and following the fire department to the fire in furtherance of his duty when the collision occurred, it would be deemed to be an emergency call demanding excessive speed and the prescribed speed limitations would not be applicable to him.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed February 6, 1926. Affirmed.

Emergency, 20 C. J. p. 499 n. 6, 10, 11. Motor Vehicles, 28 Cyc. pp. 34 n. 84, 47 n. 20. Municipal Corporations, 28 Cyc. p. 910 n. 87; 19 A. L. R. 459; 23 A. L. R. 418.

Koger v. Keller.

*Thomas F. Doran* and *Clayton E. Kline,* both of Topeka, for the appellant.
*Edward Rooney* and *Mary H. Williams,* both of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action for damages which resulted from a collision between a motor truck driven by N. E. Keller and a motor cycle driven by O. L. Koger.

Koger was a motor-cycle policeman and was under orders that when a fire occurred he was to follow the department and assist. On January 22, 1923, about three o'clock in the afternoon of a clear day a fire alarm was sounded and Koger followed the fire department from Kansas avenue to Huntoon street and then west on Huntoon. At the intersection of Huntoon and Garfield streets, Keller was entering the intersection going north on Garfield about the time Koger arrived there going west. Koger saw the Keller truck just as he entered the intersection, when he turned quickly to the right, but was unable to avoid a collision, which occurred near the north line of Huntoon street. Koger was going at a speed of about eighteen miles an hour and was on the right side of Huntoon. Keller was on the right side of Garfield and was traveling at a rate of about eighteen miles an hour. The jury returned special findings, among which it was found in effect that the collision occurred four feet north of the line of Huntoon and that the motor cycle ran into the truck just back of the front fender. It was also found that Koger did not have time to stop and did not see Keller's truck in time to stop and avoid the collision. To the question, what prevented him from seeing Keller's truck in time to stop and prevent the collision, the jury answered that he looked to the right. The jury also found that Keller saw Koger's motor cycle in time to stop and thereby avoid the collision, and that there was nothing to prevent him from seeing it. It was also found that Koger did not have time to turn his motor cycle to the left and pass behind the truck after his first sight of it, and that Keller did have time to stop his car and avoid the collision. There was a finding, too, that Koger could have stopped his motor cycle at the speed he was going in a space of twenty feet, and that Keller could have stopped his truck in the same distance. There was a finding that at the time of the collision Koger was operating his motor cycle in answer to an emergency call demanding excessive speed. Verdict and judgment were given for plaintiff, and defendant appeals.

It is contended by defendant that the evidence does not support the verdict and that his demurrer to plaintiff's evidence should have been sustained. This contention is mainly based on the theory that the collision occurred through the contributing negligence of the plaintiff, in that he could have seen the approaching truck if he had looked towards the south. Plaintiff testified that he first looked towards the north and then to the south, when he discovered the defendant entering the intersection. At that time he turned his motor cycle to the north in an effort to avoid the collision. If he had looked to the south first he might have seen defendant's truck, but it cannot be said that his choice of views makes him guilty of contributory negligence. He was on the right of the defendant and under the general rules had the right of way, but of course the one approaching on the right is not always entitled to precedence at the crossing. The distance of each from the crossing, the speed of travel by each and other circumstances might justify the one on the left in assuming that there was sufficient time to cross before the other entered the intersection, or at least that he could cross in safety. (*Fox v. McCormick*, 110 Kan. 91, 202 Pac. 614; *Hughes v. Motor Co.*, 111 Kan. 397, 207 Pac. 795.) In the situation described by the evidence there was a basis for a finding that defendant saw the motor cycle and could have stopped his truck in time to avoid the collision. He was crossing an intersection at an unlawful rate of speed both under the city ordinance and also under the state law. The ordinance limited the speed at intersections to ten miles an hour, and the limit of the state law is six miles an hour. (R. S. 8-122.) In this case it is unnecessary to determine which is the controlling limitation since the speed of the defendant was far in excess of either. It is true that plaintiff was driving his motor cycle at the same rate of speed, to wit, eighteen miles per hour, but the ordinance provides that the limit shall not apply to the police and fire departments. The state law provides that the speed limit shall not apply "to physicians or surgeons or police or fire vehicles, or ambulances when answering emergency calls demanding excessive speed." It is contended that the latter statute only exempts these privileged vehicles when answering emergency calls, and that it was not shown that an emergency call demanding excessive speed was required on this occasion. It was shown without dispute that when there was a fire it was the duty of the policeman to follow the fire department to the fire and to render assistance there. He was following the

Koger v. Keller.

fire vehicles on this occasion and was only between three hundred feet to a block in the rear of the fire vehicles. Under the statute what is an emergency? The term is defined in Webster's New International Dictionary as follows: "An unforeseen occurrence or combination of circumstances which calls for immediate action or remedy; pressing necessity; exigency." Few cases can be conceived where there is a more pressing necessity for prompt action than the burning of a home or other building, or which approach more closely to an emergency. It is conceded that a fire call may be regarded as an emergency so far as the fire department is concerned, but it is said that a fire call is not necessarily an emergency in the case of the following motor-cycle policeman. Both were required to run to the fire with all practical speed, each was required to meet the exigency, and we see no ground for distinguishing between them as to the existence of an emergency..

We think the evidence was sufficient to show that an emergency existed in this instance. Whether the plaintiff was guilty of contributory negligence was a fair question of fact for the jury, and its findings are not without support in the evidence.

· Complaint is made of the instructions. It is argued that the court should have peremptorily instructed a verdict for the defendant, but what has been said disposes of that question. The following instruction given by the court is assigned as error:

."If you find from the evidence that the plaintiff at the time of the collision in question was a motor-cycle policeman of the city of Topeka, and as such officer it was his duty to go to and be present at fires that occurred in said city, and you further find that he was operating his motor-cycle in the furtherance of such duty at the time of the collision in question in going to a fire to which the fire department was called, then you are instructed that such facts would constitute an emergency call, demanding an excessive speed and that the speed limitation contained in the state laws and the city ordinance would not apply to him at that time."

The objection to the instruction is that the court should have left to the jury the question of whether the fire call involved here was an emergency which demanded excessive speed. Whether the plaintiff was a motor-cycle policeman and made the run to the fire with the fire department in furtherance of his duties was submitted to the jury as question of fact, and as we have seen, these facts being shown it was for the court to determine what an emergency was under the statute and the ordinance, and hence there was nothing to be left to the jury on that phase of the case.

We find no error in the refusal of the instructions requested and no ground for a reversal.

The judgment is affirmed.