No. 28,613.

FRANK PHILLIPS, *Appellee,* v. THE MEYER SANITARY MILK COMPANY, *Appellant.*

(281 Pac. 895.)

Opinion filed November 9, 1929.

*David F. Carson,* of Kansas City, for the appellant.

*Joseph Cohen,* of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Frank Phillips sued the Meyer Sanitary Milk Company to recover damages for injuries sustained in a collision of a milk wagon drawn by a pair of mules, belonging to the defendant, with an automobile which the plaintiff was driving. The collision occurred about 5:30 on the morning of October 30, 1927, which is alleged to have been a dark, foggy morning. The milk wagon was parked on Valley street near the intersection of Ridge street, and the team and wagon were left there unattended and unhitched to any post or other object. It was alleged that plaintiff was driving

his automobile along Valley street and that just as he approached the milk wagon the mules turned suddenly out in front of his automobile with the result that there was a collision from which plaintiff suffered severe injuries. The negligence imputed to the defendant was that the team of mules was left unattended, that there was no light on the milk wagon, no signals given, and that the mules were not hitched to any post or other standard to prevent them from turning out into the street. The defendant contended that the collision was due to careless driving by plaintiff, that he drove on the wrong side of the street, that there was a street light near the point where the milk wagon was left, that he was under the influence of intoxicating liquor and was driving at a speed greater than a city ordinance prescribed. The jury returned a verdict in favor of the plaintiff awarding him damages in the sum of $1,000 and with the verdict returned answers to special questions submitted by the court, which are as follows:

"1. Was there a lighted street light on the southeast corner of Ridge avenue and South Valley street on the night of October 30, 1927? A. Yes.

"2. If you answered question No. 1 yes, was the team and wagon of the defendant stopped on the side of the street under this light on the morning of October 30, 1927? A. Yes.

"3. Did said team and wagon remain standing there until struck by the plaintiff? A. No.

"4. Did plaintiff cross the intersection of Ridge avenue and South Valley street going at the rate of twelve miles or more per hour? A. Yes.

"5. If the plaintiff had been looking, was there anything to prevent him from seeing the team and wagon for a distance of fifty feet before he struck the same? A. Yes.

"6. If you find the defendant guilty of negligence, state fully of what this negligence consisted? A. Leaving team and wagon on public street without attendance.

"7. Did the plaintiff drive his car at and immediately prior to the accident on the wrong side of the street? A. No.

"8. Was the plaintiff under the influence of liquor at the time of the collision between his motor car and the team and wagon of the defendant? A. No.

"9. Was the plaintiff guilty of contributory negligence? A. No."

As will be seen, the jury has negatived most of the contentions of the defendant. It is specifically found that plaintiff was not driving on the wrong side of the street, that he was not intoxicated, and that he was not guilty of contributory negligence. The leaving of the team unattended or insecurely fastened afforded ground for the jury to find that defendant was negligent. In *Mastin v. Levagood*, 47 Kan. 36, 41, 42, 27 Pac. 122, it was said:

"The owner of a horse and cart who leaves them unattended in the street is liable for any damage which may result from his negligence." (p. 41.)

The leaving of a team unattended is not under all circumstances negligence *per se*. The omission is a question for the jury to find whether under the circumstances of the case it constitutes actionable negligence. (*Lawson v. Brokmann*, 116 Kan. 102, 226 Pac. 252.) The verdict of the jury settles the question that the leaving of the team unattended was negligence.

It is insisted that the plaintiff's negligence was the proximate cause of the collision, in that the wagon was near a street light and that, besides the headlights on plaintiff's car, enabled him to see a distance of fifty feet, that he necessarily saw the milk wagon, but that he carelessly drove on at a speed of twelve miles per hour. Even if he saw the wagon at a distance of fifty feet he could not well know that the team was unattended or insecurely fastened. Besides, the testimony is to the effect that the mules suddenly turned out and started across the street when the automobile was within three or four feet of them, when the plaintiff applied his brakes, but the automobile could not be stopped in that distance. Under those circumstances and the finding of the jury it cannot be held that the collision was due to the plaintiff's negligence.

It is true that there was a street light near the place where the milk wagon was left, but assuming that plaintiff in approaching the intersection saw or could have seen the milk wagon with that light on a foggy morning, the plaintiff had no occasion to anticipate that the team attached to the standing wagon was unattended or unfastened, and that they would swing out suddenly in front of the automobile, which according to the evidence was approaching on the right side of the street.

It is further urged that the neglect of plaintiff in driving his automobile over the intersection at a speed of twelve miles per hour constitutes negligence. There was an ordinance of the city providing a limit of speed of fifteen miles per hour on the streets of a congested district, and twenty miles per hour on all other streets, and it contained a proviso that in passing an intersection the speed should not exceed ten miles per hour. The plaintiff, it was found, was crossing the intersection at a rate of twelve miles per hour. It is obvious, however, that the slight excess of speed over the ordinance rate was not the contributing cause of the collision and injury. It has been determined that the violation of an ordinance or

statute regulating the speed of vehicles does not constitute actionable negligence or contributory negligence unless it contributes to the injury and that this is a question for the trier of the facts. In *Cross v. Rosencranz*, 108 Kan. 350, 354, 195 Pac. 857, it was said:

"It is true the plaintiff violated the law by crossing Fourteenth street at an excessive rate of speed which brought him practically to the place of collision. The defendants assert that the accident occurred in Fourteenth street, and for the purpose of a decision, the fact may be admitted. Nevertheless, it is quite elementary that violation of a speed regulation does not constitute actionable negligence, or constitute contributory negligence, defeating recovery, unless it contribute to injury, and the findings are conclusive that this accident would have occurred if the plaintiff had been observing the law."

See, also, *Barshfield v. Vucklich*, 108 Kan. 761, 197 Pac. 205; *Fox v. McCormick*, 110 Kan. 91, 202 Pac. 614; *Hughes v. Motor Co.*, 111 Kan. 397, 207 Pac. 795.

There is complaint that proper instructions were not given to the jury on the proposition of negligence. The court, after stating the issues and contentions of the parties, defined negligence as the want of ordinary care, and, in general terms which are not open to objections, advised the jury as to what is ordinary care, but defendant argues that it was not enough to define negligence in general terms, and that the court should have pointed out in more detail the duties of an automobile driver, the care to be exercised by him as to keeping a lookout, speed and signals of approach. It appears, however, that the court, in several instructions given after the general definition of negligence, laid down in some detail, more, perhaps, than was necessary, the duties of the respective parties in the use of the street and the liability of parties for injuries arising from the failure to observe those requirements. We think the defendant has no good grounds to complain of the instructions.

It is suggested further that the damages awarded are excessive, but it appears from the evidence that there is no merit in this contention.

Considerable is said about the findings and verdict being without support in the evidence, and that some of it is unreasonable and unconvincing, but it must be held that there is evidence sufficient to support the material findings, and discovering no material error in the record, it follows that the judgment must be affirmed. It is so ordered.