No. 30,441.

T. A. SHREWSBURY and NORA SHREWSBURY, *Appellants*, v. ROY GOODACRE, *Appellee*.

(10 P. 2d 1.)

Opinion filed April 9, 1932.

*Benjamin F. Hegler, A. V. Roberts, Roger P. Almond, L. P. Brooks, L. A. Hasty* and *J. B. Nash,* all of Wichita, for the appellants.

*Allen B. Burch, J. B. Patterson* and *P. J. Warnick,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The parents of Clara Shrewsbury brought this action to recover damages from Roy Goodacre for negligently causing her injury and death by driving his automobile, in which she was riding, against a railroad freight train. The jury found that she was guilty of contributory negligence, and this finding was approved by the court and judgment rendered in favor of defendant. Plaintiffs appeal.

The main contention is that the findings and verdict of the jury are unsupported by and contrary to the evidence. There is evidence to the effect that by a previous arrangement Miss Clara Shrewsbury accompanied the defendant to a dance in the country, traveling there in his automobile. On their return to Wichita from the dance they were traveling east on Franklin road. He was driving the car and she was seated at his side on the right. The night was quite

dark, although there was no rain or storm, and the automobile was equipped with good lights and brakes. As they went forward in an easterly direction at the rate of thirty-five to forty miles per hour they approached the Rock Island railroad, over which a freight train was then traveling going south. The train consisted of two engines and fifty-nine box cars and was traveling at a speed of about twenty-five miles per hour. The engines and thirty-five of the box cars had passed over the highway before the automobile reached the railroad where the accident occurred. There was an incline of the highway approaching the railroad for a distance of 216 feet, and with the lights the bottoms and wheels of the cars could be seen at that distance. The defendant and the deceased were engaged in conversation as they approached the track and were looking straight ahead. The deceased had the same opportunity to see the train that the defendant had, but she made no remark about the train nor gave any warning as to the speed or that the road was blocked by the train. He states that he did not observe the train until he was about thirty-five feet back from it, when he applied the brakes which slowed down the speed, but there was loose gravel on the road which made it more difficult to stop the car, and the speed of the automobile was reduced to about the rate of five miles an hour when it collided with the train. He made an effort at the same time to turn aside, without success. There was testimony that the defendant had been over the road two or three times before, about six months prior to the accident, but did not remember the location of the Rock Island track, and while Clara had ridden with him many times she had not been over the crossing before with him, and was unacquainted with the road. On the testimony the following special findings were returned by the jury:

"1. As the automobile approached the track on which the train was moving, would Clara Shrewsbury and defendant have discovered the train if they had looked to the east?  A. Yes.

"2. If you answer question 1 in the affirmative, how far from the track do you find deceased and defendant could have seen the train had they been keeping a lookout?  A. Thirty-five yards.

"3. Did Clara Shrewsbury keep a lookout for an approaching train or other danger?  A. No.

"4. If you answer question 3 in the affirmative, what, if anything, prevented her from seeing the train and warning the defendant?  A. Negligence.

"5. Did Clara Shrewsbury remonstrate or protest to the defendant as to the speed and manner in which he was driving the car prior to the accident?  A. No.

"6. Did Clara Shrewsbury warn the defendant of the presence of the train in time to avoid the accident? A. No.

"7. If you answer question 6 in the negative, what, if anything, prevented her from seeing the train and warning the defendant in time to avoid the accident? A. Negligence.

"8. Was Clara Shrewsbury guilty of any negligence directly contributing to her injuries? A. Yes.

"9. As the automobile came near the track where the collision occurred, did Roy Goodacre do anything to prevent the collision? A. Yes."

The only contention of plaintiffs is that the evidence does not sustain the findings and judgment. It is argued that the night of the accident was very dark, that Clara Shrewsbury and the defendant were looking towards the train and there is evidence that the defendant did not see the train until they were within thirty feet of it. It is said that the findings that deceased and defendant could have seen the train if they had looked to the east, and if they had been keeping a lookout for obstructions could have seen it as they approached it at a distance of thirty-five yards, are without support. There is testimony that Clara and defendant were looking straight ahead, and defendant says they did not observe the train until they were within thirty feet of it. It appears that they were engaged in conversation as they approached the train, and that may account for the failure of Clara to see the train on the crossing or to warn the driver that there was danger ahead. There was testimony that it could have been seen at night by the aid of headlights of the automobile for a distance of at least 216 feet and that the lights on the automobile in which they were riding were in good condition. A brother of Clara and a witness for the plaintiffs testified that he made an examination and test at the crossing in the nighttime and testified that the train could have been seen from the entrance upon the incline and that the distance was 216 feet away. There was a guard rail along the sides of the incline. This witness said there was nothing to prevent seeing the train if there were good lights on the automobile and the occupants were keeping a lookout.

It was the duty of Clara, although a guest, to take some care for her own safety. If the train was within her view and the driver was inattentive, she should have warned the driver of the obstruction in front of her, and if that had been done there was ample time thereafter to have stopped the automobile and avoided the danger. In *Bush v. Railroad Co.*, 62 Kan. 709, 64 Pac. 624, it was said:

"Where one person is riding with another for the mutual pleasure of both,

with equal opportunity to see and ability to appreciate the danger, and is in fact looking out for herself, but makes no effort to avoid the danger, she is chargeable with the want of care which results in injury." (Syl. ¶ 3.)

See, also, *Anthony v. Kiefner,* 96 Kan. 194, 150 Pac. 524; *Kirby v. Railway Co.,* 106 Kan. 163, 186 Pac. 744; *Sharp v. Sproat,* 111 Kan. 735, 208 Pac. 613.

In the case of *Knight v. Railway Co.,* 111 Kan. 308, 206 Pac. 893, where a person riding in an automobile driven by the owner sustained injury at a railroad crossing, a special question and answer were as follows:

"As the automobile approached the track on which the freight car was coming would the plaintiff and the driver have seen the freight car if they had looked to the south? Yes." (p. 309.)

And in the opinion it was said:

"These findings show that there was nothing to prevent the plaintiff and the driver from seeing the approaching freight car at an ample distance from the track to enable them to avoid all danger; that neither the plaintiff nor the driver did anything to prevent the accident; and that they either did not look to ascertain if a car were approaching, or, if they did look, they saw the car and undertook to cross ahead of it. The plaintiff could have seen the approaching car in ample time to have warned Mr. West. This, under repeated declarations of this court, shows that the plaintiff was guilty of contributory negligence." (p. 309.)

The danger was obvious, one that Clara could have seen if she had been exercising due care. It was her duty to look out for her own safety as far as it was practicable. This she did not do, and under the evidence the jury was warranted in finding that Clara was guilty of contributory negligence. (*Ferguson v. Lang,* 126 Kan. 273, 268 Pac. 117.)

Within the rule of the authorities cited and of others therein referred to it must be held that there was sufficient evidence to sustain the finding of contributory negligence, which bars a recovery by plaintiffs.

The judgment is affirmed.