. No. 32,400

John A. Scheve, *Appellee,* v. Henry Heiman, *Appellant.*

(47 P. 2d 70)

Opinion
filed July 6, 1935.

R. L. *Hamilton,* of Beloit, for the appellant.
Ralph H. *Noah* and Lynn D. *Smith,* both of Beloit, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action to recover damages resulting from a collision of automobiles, and from a judgment in favor of plaintiff the defendant appeals, claiming the trial court erred in refusing to direct a verdict in his favor on account of plaintiff's contributory negligence, in refusing to give to the jury requested instructions, and in giving the instructions that were given.

The motion for an instructed verdict is based on the claim that plaintiff's evidence showed him guilty of negligence which contributed to his damage and precluded his recovery. Plaintiff was driving north on Chestnut street, which is not paved, and defendant was driving west on Court street, which is paved. Under the ordinances of the city of Beloit, speed is limited in residence districts to twenty-five miles per hour, and where two motor vehicles shall approach a street intersection at approximately the same time, the vehicle on the right shall have the right of way, or when approaching a paved street from an unpaved one, the car on the paved street shall have the right of way. Appellant argues that plaintiff, driving north at a speed of about fifteen miles an hour, saw defendant coming toward the intersection at a high rate of speed and knew that if he kept on into the intersection defendant's car must strike him,

and with that situation before him he drove right on and the collision resulted. But the premise for the contention ignores other pertinent evidence which warranted the conclusion that plaintiff approached the intersection at a lawful speed which, if continued, would have taken him across the cross street before defendant's car reached the intersection; that when in the intersection plaintiff slowed up his car to permit two girls to cross; that when he entered the intersection defendant was about 200 feet away; that he noticed the girls; that he heard the brakes on defendant's car squeak and when he again looked defendant's car was about six feet from the intersection, and came on and hit plaintiff's car. Plaintiff estimated defendant's speed at thirty miles per hour when defendant was 200 feet from the intersection. A disinterested witness said plaintiff's car was about thirty feet from the intersection and going about ten or twelve miles per hour when defendant's car passed her approximately four hundred feet east of the intersection going about forty miles an hour. Appellant makes a computation from plaintiff's testimony that if these estimates of speeds and distance were correct, the accident could not have happened, and that a similar computation shows his version was correct. Perhaps no better argument could be produced to show that the situation presented a question for the jury. Possibly the witnesses for plaintiff were in error in exact distances and speed of cars, but the fact is undisputed that regardless of who was to blame, defendant drove his car into the car of the plaintiff in a situation where, so far as the question before us is concerned, plaintiff had a right to cross first. Plaintiff had a right to assume that defendant would reduce his speed and not come across the intersection at an unlawful rate of speed, and had that been done the accident would not have occurred. The evidence warranted a conclusion that plaintiff was in the intersection while defendant was still some distance away, but that plaintiff slowed his speed on account of the two girls. Right of way on the paved street did not mean that a driver on the unpaved street could cross only at his peril. Such a user had a right to assume that he could continue on across the street, and that defendant would not exceed the speed at which he had reason to anticipate defendant would approach and cross the intersection, and he had the right also to expect that defendant would so operate his car that if traffic conditions required plaintiff to slow up his car, defendant could avoid injury either to other users of the highway

or to pedestrians. Similar contentions were made by the defendants in *Hughes v. Motor Co.*, 111 Kan. 397, 207 Pac. 795, and *Koger v. Keller*, 120 Kan. 196, 243 Pac. 294, in both of which it was held that whether plaintiff was guilty of contributory negligence was a fair question of fact for the jury. There was no error in denying defendant's motion for an instructed verdict.

With reference to the claim the court erred in not giving requested instructions, it is noted that the first request was for a directed verdict. What has been said is sufficient on the point. Requested instructions 3 and 4 were substantially covered in those given. Requested instruction 2, that though it be found plaintiff's car entered the intersection before defendant's car entered, under the ordinance defendant had the right of way and plaintiff would not be excused in attempting to cross unless he had ample time to get across if defendant did not increase his speed from the time plaintiff first saw defendant, was properly refused, as was requested instruction 5, which advised the jury that whether defendant was exceeding the speed limit or not, would not control; that defendant had the right of way and it was plaintiff's duty to let defendant pass unless plaintiff clearly had time to cross before defendant got there. These instructions are in effect that defendant could drive —as the evidence shows he did—at forty miles an hour, and it was up to the plaintiff to keep out of his way and not to attempt to cross the street unless there was no doubt plaintiff could beat defendant across the intersection. That is not the law.

Although there is a statement in the journal entry that the court instructed the jury in writing "some of which instructions were objected to, as more fully appears from the record," there is no showing in the abstract of any objections, and the question is thus not fairly presented.

However, we have examined these instructions and appellant's contentions. Of the seventeen instructions given, appellant complains of thirteen. Many of the complaints are based on isolated sentences or that the defense of contributory negligence was ignored. The court stated that—

"These instructions should be considered as a whole, and no one instruction considered separately and apart from the others."

The instructions as to contributory negligence were correct and adequate and it was not necessary that they be repeated in each

separate instruction. We conclude the case was fairly submitted under the instructions.

And finally, the trial court did not err in denying defendant's motions (a) to set aside findings, (b) for judgment notwithstanding the verdict, and (c) for a new trial.

The judgment of the trial court is affirmed.