No. 33,551

PAULINE STALLINGS, *Appellee*, v. MARIE GRAHAM, *Appellant*.

(73 P. 2d 1090)

Opinion filed December 11, 1937.

A. R. Lamb and Clement A. Reed, both of Coffeyville, for the appellant.

Sylvan Bruner, of Pittsburg, W. D. Kimble, Chester Stevens, both of Independence, and Louis N. Wolf, of Joplin, Mo., for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for damages for injuries sustained in a collision of automobiles.

Defendant's demurrer to plaintiff's evidence, on the ground it proved no cause of action and showed plaintiff guilty of contributory negligence, was overruled. The trial proceeded, but the jury, not being able to agree, was discharged. Defendant now appeals from the ruling on the demurrer.

In determining sufficiency of evidence as against a demurrer, the rule is the court considers only the evidence and inferences therefrom favorable to the party adducing it, and does not consider evidence and inferences favorable to the demurring party. (*Bray v. Cooper*, 145 Kan. 642, 646, 66 P. 2d 592; *Tilden v. Ash*, 145 Kan. 909, 912, 67 P. 2d 614.) The following statement from the evidence as abstracted is made in conformity to that rule.

The accident occurred on Broadway street in Pittsburg, Kan.; that street runs north and south and intersecting streets bear prefixes "East" and "West." West Cleveland enters Broadway street and about 100 feet north on Broadway continues east as East Cleveland street. Immediately east across Broadway street from where West Cleveland street enters is a narrow roadway leading to the Teachers College. Plaintiff's car was being driven by a friend; the plaintiff was in the right front seat and another couple were in the rear seat. The car was being driven north about twenty miles

an hour. When it reached a point in line with the south side of West Cleveland street, the driver and the plaintiff looked to the left or west and saw no car approaching on that street. The driver saw a car coming from the north and veered to the east curb of Broadway. Plaintiff stated she knew cars should stop before entering Broadway street from side streets. When plaintiff's car had proceeded north to a point about fifteen feet north of a point in line with the north side of West Cleveland street and about forty-five or fifty feet north of where the driver and the plaintiff had looked to the west for approaching vehicles, plaintiff's car was struck on the left front side by defendant's car, which had come out of West Cleveland street at a rapid rate of speed. City ordinances were offered in evidence, from which it appears the maximum speed limit at the particular point was fifteen miles per hour; that motor vehicles approaching Broadway street should stop before entering it, and that when two motor vehicles approach each other from intersecting streets the vehicle on Broadway street shall have the right of way.

Appellant's contentions are that the evidence shows the plaintiff and the driver of her car were engaged in a joint enterprise; that plaintiff was negligent in failing to see defendant's approaching car and to warn the driver; that the driver was negligent in failing to see the approaching car, and that his negligence is imputed to plaintiff.

Appellant's argument seems to be based largely on the assumption plaintiff's driver failed to see defendant's car, and that this constituted negligence, and that plaintiff herself was in a position where she likewise had the opportunity to see the defendant's car and she was negligent. In support, she cites cases holding it is the duty of a driver to look ahead and see objects in the line of his vision and in case of accident he is conclusively presumed to have seen what he should and could have seen had he done so (*McDonald v. Yoder*, 80 Kan. 25, 101 Pac. 468), and that a person riding in the vehicle, with equal opportunity to see, is charged with the duty of observing and warning of impending danger (*Ferguson v. Lang*, 126 Kan. 273, 268 Pac. 117; *Shrewsbury v. Goodacre*, 135 Kan. 230, 10 P. 2d 1). But does the evidence fairly lead to a conclusion that defendant's car was ever in the line of plaintiff's driver's vision or that he could or should have seen it? As plaintiff's driver approached the place of the accident, he looked to the left and

saw no car coming out of West Cleveland street, neither did the plaintiff see it, although she stated she looked. After looking, plaintiff's car proceeded north about forty-five feet before it was struck from the left and rear by defendant's car. Plaintiff stated she knew a car approaching on West Cleveland street should stop before entering Broadway street. Even had she seen the defendant's car on West Cleveland street, she might have been warranted in assuming its driver would obey the ordinance and stop before entering Broadway. Plaintiff's evidence disclosed affirmatively that when entering what may, for our purposes, be called the intersection, the plaintiff and her driver looked to the left or west and saw no car approaching on either West Cleveland street or in the intersection. There is no evidence defendant's car was there. Defendant argues it must have been there because of the shortly following accident. But the evidence leaves room for the conclusion that after plaintiff and her driver had looked to the west, and during the time they were driving north to the point of the collision, the defendant had time and opportunity to come along West Cleveland street into Broadway street and likewise to the point of collision, and that such a conclusion might be reached we note the evidence showed defendant's car was traveling at a high rate of speed, and that it did not stop until it had gone about 150 feet past the point of collision.

The evidence also discloses a situation where, even if plaintiff and her driver had seen defendant's car on West Cleveland street, they might have assumed defendant's car would have been so driven that they could safely proceed northward and defendant's car would come on behind them, for the city ordinance gave plaintiff's car the right of way. To say the least, the evidence presents no situation where it may be said the plaintiff and her driver proceeded oblivious of the surrounding circumstances and without regard to their own safety.

Contentions similar to those made here were advanced by the defendants in *Hughes v. Motor Co.*, 111 Kan. 397, 237 Pac. 795; *Koger v. Keller*, 120 Kan. 196, 243 Pac. 294; *Scheve v. Heiman*, 142 Kan. 370, 47 P. 2d 70; *Spohn v. Southern Kansas Stage Lines*, 142 Kan. 595, 50 P. 2d 1001; *Dicks v. Wilson*, 143 Kan. 716, 56 P. 2d 1036, in each of which it was held that whether the plaintiff was guilty of contributory negligence was a fair question of fact for the jury.

In our opinion, the evidence in this case does not disclose a situa-

tion where it may be said as a matter of law the plaintiff was guilty of contributory negligence, and the ruling of the trial court on defendant's demurrer to that evidence is affirmed.