No. 37,635

LOGAN SAMMS, *Appellant*, v. ALFRED H. REGIER, *Appellee*.

(207 P. 2d 414)

·Opinion filed June 11, 1949.

*Page W. Benson,* of El Dorado, argued the cause, and *Lew E. Clogston,* of Wichita, *George J. Benson* and *George S. Benson,* both of El Dorado, were with him on the brief for the appellant.

*Robert M. Bond,* of El Dorado, argued the cause, and *George Siefkin, George B. Powers, Samuel E. Bartlett, Andrew F. Schoeppel, Carl T. Smith,*

*John F. Eberhardt, Stewart R. Carter, Thomas E. Woods, Robert C. Foulston,* all of Wichita, and *L. J. Bond,* of El Dorado, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This case involves an intersection collision in the city of Wichita and is an appeal from an order of the lower court sustaining a demurrer to plaintiff's evidence in an action brought by him to recover for personal injuries and damage to his automobile.

The evidence adduced by plaintiff may be summarized as follows: Plaintiff testified that on January 28, 1948, at about 4:30 p. m., he was driving his Ford car west on Twenty-third St.; that when he approached Jackson St., a north-and-south street, he slowed down to about fifteen miles per hour, looked both to his right and to his left and seeing no other car approaching, started on across Jackson; that there was no other car in the intersection; that both Twenty-third St. and Jackson St. are the usual and ordinary width, both are paved and curbed and there was no stop sign on either street at the intersection; that both streets and the intersection were somewhat icy due to a combination of snow and ice and that when he got part way across the intersection his car was hit on its left side by the defendant's car which was coming from the south. He further testified that he first saw the defendant's car when it was about fifteen or twenty feet from him on his left; that as a result of the collision plaintiff's car was knocked up over the curb and about three feet onto the parking and over a street sign, still headed west; that the front wheels of defendant's car hit the curb turning it so that the back end was to the north; that immediately after the collision he talked with defendant and the latter said that his (defendant's) wife, who was riding with defendant, told him farther down the street that he was driving too fast considering the condition of the streets and that he should slow down.

On cross-examination he testified that there was nothing in sight at the intersection; that he could see from fifty to seventy-five feet beyond the intersection to the south; that he didn't see the defendant's car until it was right on him and that he didn't apply his brakes until his car was hit by that of the defendant's.

One Griffith, who was riding with plaintiff, testified to substantially the same effect; that plaintiff drove into the intersection at about fifteen miles per hour and that as they approached and entered the intersection he looked both ways and saw no other car

in the intersection; that he did not see any car to the south until defendant's car was about twenty-five feet directly south of plaintiff's and he also testified that immediately after the collision he heard defendant remark that his wife had told him to slow down—that he was driving too fast. On cross-examination this witness expressed the opinion that defendant's car was traveling about fifty miles per hour; that he did not notice whether plaintiff looked to the south when he approached the intersection; that defendant was driving on the east side of Jackson and that he didn't know whether plaintiff turned his car or made an effort to avoid the collision.

A member of the Wichita police force, who arrived on the scene a few minutes after the collision, testified as to certain measurements made by him and that there were no stop signs at the intersection. He described the position of the cars after the collision about as did the plaintiff. He examined the brakes on defendant's car at the time and testified that the brake pedal went clear to the floor without any effort and while at the scene of the collision he arrested the defendant who was subsequently booked at the police station and released on bond. He identified plaintiff's Exhibit 9 offered in evidence, the same being an accident report, the pertinent portion of which is as follows:

"DESCRIBE ACCIDENT IN DETAIL: I was going north on Jackson at about 20 m. p. h. and the other car came from the east. I saw the car coming but could not stop on the ice. My car hit the other car right midway and pushed back my radiator and bent bumper.

"(Farming)

"Signature of Party making report   Alfred H. Regier

"Address   Whitewater, Kansas,   Date Reptd 1-28-48   Hr 5:20 PM"

Plaintiff introduced further evidence showing that on March 4, 1948, the defendant entered his plea of guilty in the police court of the city of Wichita to each of two charges, namely, driving at a speed in disregard of the use or occupancy or condition of the street and operating a vehicle with defective brakes; that he paid a fine of five dollars on each charge, and further that in the police court action defendant was represented by counsel.

In the cross-examination of one of plaintiff's witnesses an injury report, signed by plaintiff, was introduced which contained the following:

"Describe accident in detail   I driving west on Twenty-Third, Jackson I looks north and didn't see car from south   (filed) Jan 28   P. M. 10

Date Reptd 1-28-48                    Logan Samms   Driver

    Hr 5/15 P. M."

Plaintiff also introduced evidence concerning his personal injuries and damage to his car but since that phase of the case is immaterial on this appeal the same was not abstracted and is passed over.

At the conclusion of plaintiff's evidence the lower court sustained the defendant's demurrer on the ground that plaintiff's evidence clearly showed him to be guilty of contributory negligence as a matter of law so as to bar recovery and it is from that ruling this appeal was taken.

The sole question before us therefore is whether plaintiff's evidence showed him to be guilty of contributory negligence as a matter of law so as to justify the court's action in taking the case from the jury.

In support of the lower court's ruling the defendant argues that plaintiff testified he didn't see any car to the south although he could see seventy-five feet in that direction and that the natural conclusion to be drawn from such testimony is that he didn't look in a careful and prudent manner for other traffic—otherwise he would have seen the car of the defendant; that since plaintiff's evidence discloses that he never applied his brakes or took other means to avoid the collision his conduct falls below that standard to which he was bound to conform for his own protection, and he calls our attention to the statement of plaintiff contained in the accident report, *supra,* which in substance stated that plaintiff looked north and didn't see the car from the south. Defendant also argues that the provisions of G. S. 1947 Supp. 8-550, with reference to yielding of the right of way in an intersection, offer no protection to plaintiff for the reason that from the measurements taken it appeared that plaintiff's car was only twelve feet into the intersection while that of the defendant was twenty-one feet into it at the point of impact, and concludes by arguing that the only conclusion to be drawn from plaintiff's evidence is that the very fact of the collision itself proves plaintiff did not keep a proper lookout—otherwise he would have seen defendant's car approaching from the south!

Plaintiff, on the other hand, contends that his evidence shows the defendant was guilty of negligence on account of his violation of public-safety statutes relating to speed on city streets and at intersections; that he (plaintiff), approaching from the right, had the right of way at the intersection in question; that he was not guilty of contributory negligence in assuming that the defendant and all others would obey public-safety regulations unless and until he had knowledge to the contrary, and further, that in ruling on defend-

ant's demurrer the court was bound to regard all testimony favorable to plaintiff as true and to disregard such evidence as was unfavorable.

Counsel for both sides have cited numerous decisions dealing with negligence cases and it is conceded that they correctly state the rule as applied to the particular facts under consideration. Perhaps no two sets of facts in cases of this nature are exactly alike—each depends upon its own particular circumstances. In the case of *Cruse v. Dole*, 155 Kan. 292, 124 P. 2d 470, we find the following general rule laid down:

"Contributory negligence is conduct on the part of a plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, coöperating with the negligence of the defendant, in bringing about the plaintiff's harm. It is conduct which falls short of the standard to which a reasonable man should conform in order to protect himself from harm.

"When the facts relating to contributory negligence are such that men of reasonable minds might reach different conclusions, the question is for the trier of the fact, otherwise it is one of law.

"While the general rule is that the burden of establishing the plaintiff's contributory negligence rests upon the defendant, if the plaintiff's own evidence shows him guilty of negligence which precludes his recovery, the defendant may take advantage by demurrer." (Syl. ¶¶ 1, 2, 3.)

and in *Revell v. Bennett*, 162 Kan. 345, 176 P. 2d 538, it was said:

"In testing evidence on demurrer courts consider all of the evidence as true, consider the evidence favorable to, and disregard that unfavorable to the party adducing it. They do not weigh any part of the evidence that is contradictory or any differences between portions thereof adduced on direct and cross-examination. When so considered, if there is any evidence which sustains a cause of action or defense, the demurrer must be overruled." (Syl. ¶ 1.)

Tested by the foregoing rules, did plaintiff's evidence convict him of contributory negligence as a matter of law? We think not. It is true that there are some portions of the evidence from which an inference that he did not keep a proper lookout might be drawn but on the other hand he testified that he looked in both directions before entering the intersection and saw no car approaching. We believe that plaintiff's evidence fell short of convicting him of contributory negligence as a matter of law and that it was amply sufficient to justify its submission to the jury under proper instructions of the court.

It therefore follows that the ruling of the lower court is reversed with directions to grant a new trial.