No. 38,020

Helen E. Schneider, *Appellee*, v. E. C. Stewart and O. H. Stewart, doing business as Globe Construction Company, and Edwin M. Curry, *Appellants*.

(223 P. 2d 698)

Opinion filed November 10, 1950.

*Arnold C. Todd*, of Wichita, argued the cause, and *D. Emmett Foley*, of Wichita, was with him on the briefs for the appellants.

*Claude E. Sowers*, of Wichita, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for damages alleged to have been sustained when two automobiles collided at a street intersection. The trial court sustained defendants' demurrer to plaintiff's evidence and subsequently granted plaintiff a new trial. The defendants have appealed from the order granting a new trial.

The plaintiff alleged in her petition that about 4:20 p. m. she was driving an automobile east on Third street, in Wichita, at approximately ten miles per hour; that as she approached the intersection of Emporia and Third streets she slowed down to five miles an hour; that no automobiles were near the intersection from the north or south, and she proceeded to enter and cross Emporia, in the south lane of traffic on Third street, and that when she arrived in the southeast quarter of the intersection, proceeding east, one of the

defendants drove an automobile owned by the Globe Construction Company at approximately forty miles an hour into the right rear end of her automobile, causing her to be injured. She alleged that the collision was caused by the negligent acts of the defendant driver in driving his automobile in such a manner as not to avoid injuring others using the street, and in driving the automobile with such speed, considering the weather and icy condition of the streets, as to endanger the life and person of this plaintiff; in driving the automobile at a greater rate of speed than was reasonable and safe having due regard for the use and condition of the streets and contrary to Ordinance No. 12-231, Section 27 (b), which is as follows:

"SECTION 27. SPEED. It shall be unlawful to operate any vehicle at greater rate of speed in the City of Wichita, than the following:

"(b) Twenty-five (25) miles per hour upon all residential streets other than right-of-way streets, also, upon East Douglas Avenue from Washington Avenue to Kansas Avenue; Washington Avenue from Waterman Avenue to Central Avenue, and except as hereinafter provided.

"*Provided, however*, that no driver in any event shall drive at a greater rate of speed than is reasonable, safe and proper having due regard for the use and condition of the street and the occupancy thereof, at the time not at such a rate of speed as to endanger the life, limb and property of any person."

She alleged her injury was caused by one of defendants driving his automobile so as to not yield the right of way to her, since she had already entered the intersection and was about to clear it at the point of impact, and contrary to Ordinance No. 12-321, Sec. 41 (a) as follows:

"The driver of a vehicle approaching an intersection shall yield the right-of-way to vehicle which has entered the intersection from a different highway."

She alleged that all of the negligent acts on the part of the defendants were the sole and direct cause of her injuries. She prayed judgment in the amount of $9,835.

The defendants answered, admitting the collision, and denying that it was caused by the negligence of the driver of defendants' car; alleged that the streets at the intersection were covered with snow and ice and slippery, and it was necessary for drivers to proceed with caution and to keep their automobiles under reasonable control and keep a lookout; that on the day in question the defendant, who was driving, saw a car was approaching the intersection at fifteen miles an hour and that as he approached it he made careful observation concerning the traffic; that he saw a car on his

right, which was stopping at the intersection in order to give way to the north and south traffic on Emporia avenue and he also observed a car approaching from the west, which was at that time fifteen or twenty feet west of the intersection; that the car driven by plaintiff was proceeding at a high rate of speed in excess of thirty miles an hour and it became apparent to him that plaintiff was not going to slacken the speed of her car and yield the right of way to him; that he applied his brakes in an effort to avoid the collision, but plaintiff did nothing to retard the speed of her car and drove it directly in the path of his car, and as a result the car being driven by defendant was damaged. He alleged that plaintiff was guilty of negligence, which was the sole and proximate cause of the collision, in driving her automobile on the occasion of the collision in such a manner and at such a speed, considering all the existing circumstances, as to endanger the property of the defendants and other vehicles lawfully using the street; and in driving her automobile at a greater rate of speed than was reasonable and safe, having due regard for the use and condition of the streets and the occupancy thereof by the defendants; and in driving her automobile at a greater rate of speed than was permissible under the law and in failing to keep such a lookout for other users of the streets and exercising such care for other users of the streets as required by law; and in failing to yield the right of way to the defendant Curry under the circumstances existing immediately prior to the collision.

By way of cross petition, the defendants referred to their answer and alleged that the collision was caused solely by the negligence of plaintiff and but for that negligence there would have been no collision, and defendants were damaged in the amount of $204.83, for which they prayed judgment.

The plaintiff denied in her reply all the allegations in the answer, which were inconsistent with her petition, and specifically denied that defendants had the right of way, but alleged that she had the right of way.

Subsequently the defendants filed an amendment to their answer, wherein they alleged that if the driver Curry was guilty of negligence then the negligence of the plaintiff, which had been alleged, constituted contributory negligence, which was the proximate cause of the collision.

At the trial plaintiff testified that as she approached Emporia avenue driving east on Third street she slowed up at the inter-

section; the streets were icy; she was going ten to fifteen miles an hour; she looked both ways; no cars were in sight and she proceeded on across the intersection; she had started to cross the street; the car of defendant hit her when the rear end of her car was twenty-four feet across the intersection. On cross-examination she testified to about the same effect except that she said when she got to the center of the intersection she was struck by a car and that she had not seen it up until that time.

Another witness testified that he was driving west on Third street; that as he stopped he saw the car being driven by defendant coming from the south and also saw plaintiff's car coming on the other side of the street, but could not tell how fast it was coming. He testified it looked like the driver of the car being driven by defendant was going pretty fast; that the road was slick and the driver must have skidded about two car lengths when he stepped on his brakes; the front end of the Curry car hit the right side of the Schneider car. On cross-examination he testified that the collision occurred right at the center of the intersection; that he saw plaintiff's car coming across the street but she did not drive right in front of the car being driven by defendant. He saw defendant coming and plaintiff was coming across the street—and that was all there was to it.

Another witness testified as to the city ordinances.

The city engineer testified that the pavement of Emporia avenue was 37.5 feet on the south side of Third street and 37.8 feet on the north side; that the width of Third street from curb to curb was 37½ feet on the west side of Emporia and 40 feet on the east side.

At that point the plaintiff rested and defendants demurred to her evidence on the ground it was not sufficient to establish a cause of action in favor of plaintiff and against defendants, and on the further ground that it showed plaintiff was guilty of contributory negligence as a matter of law.

This demurrer was sustained on October 25, 1949. The plaintiff in due time filed a motion for a new trial on the grounds of abuse of discretion of the trial court; that the court erred in sustaining the demurrer; made erroneous rulings; the decision was contrary to the evidence and newly discovered evidence.

On January 23, 1950, the trial court sustained plaintiff's motion for a new trial generally without stating any particular ground for doing so.

On February 6, 1950, the defendants appealed from the order sustaining the plaintiff's motion for a new trial.

The only specification of error of defendants is that the trial court erred in sustaining the plaintiff's motion for a new trial.

The defendants argue the appeal as though the question presented was whether the plaintiff introduced sufficient evidence to warrant the trial court in submitting the case to the jury. We are confronted at the outset with the question of whether the ruling of the trial court on the demurrer is here for review since the trial court sustained the motion of plaintiff for a new trial. We are informed by counsel that the only ground urged on the hearing of the motion was the court erred in sustaining the demurrer. As far as this record shows, however, the motion might have been sustained on any of the grounds stated in it.

The appeal is here on its merits because the action of the trial court in granting plaintiff a new trial after it had sustained defendants' demurrer to the evidence was tantamount to overruling defendants' demurrer to the evidence. (See *Nigh v. Wondra,* 167 Kan. 701, 208 P. 2d 239; also *Roddy v. Hill Packing Co.,* 156 Kan. 706, 137 P. 2d 215.)

We shall consider the question whether the demurrer to the evidence should have been sustained. In so considering, we will not weigh evidence; we will give the evidence a liberal construction and will resolve all doubts against the defendants. Where reasonable minds might reach a conclusion in favor of the plaintiff, the demurrer should be overruled. (See *Revell v. Bennett,* 162 Kan. 345, 176 P. 2d 538; also *Langston v. Butler,* 165 Kan. 703, 199 P. 2d 190.)

Defendants concede the above to be the rule, but argue that the facts introduced can be construed to mean but one thing, that is, that plaintiff stopped at the intersection and saw no one, although she should have seen the car driven by defendant, and then drove into the intersection directly into the path of the car being driven by defendant. Defendants rely upon cases where we have said a person was presumed to have seen what he could have seen.

We do not take quite the same view of the evidence of the plaintiff that is taken by the defendants. If we take her evidence as true, then we have a situation where the plaintiff arrived at the intersection going between ten and fifteen miles an hour. She looked to the north and to the south and saw no car coming from either direction and proceeded into the intersection. Emporia street

is 37.5 feet wide at the point where she was crossing. The car of defendants hit the door and fender of her car. The rear of her car was twenty-four feet across the intersection when the collision occurred. That means she was more than halfway across. She was in the traffic lane on Emporia street in which defendants' car was being driven, so ·defendants' car had but a short distance to go after entering the intersection before the collision occurred. By the same token plaintiff's car must have been in full view of the driver of defendants' car as she proceeded toward the intersection from the time plaintiff entered the intersection until the collision occurred.

Another witness testified that the car of defendants was going pretty fast and slid two car lengths when the driver applied his brakes.

Defendants argue plaintiff's testimony should be interpreted that their car was upon her right and at least closely approaching the intersection and she did not see it—even though the law presumes she did see it—hence made no attempt to stop her car and drove into the intersection directly in front of defendants' car.

We think her evidence does not require such a conclusion when weighed by the rules covering demurrers to evidence. *Stallings v. Graham,* 146 Kan. 867, 73 P. 2d 1090, was a case involving a collision at an intersection. The facts are much the same. The defendant made the arguments defendants are making here. We said:

"The evidence also discloses a situation where, even if plaintiff and her driver had seen defendant's car on West Cleveland street, they might have assumed defendant's car would have been so driven that they could safely ·proceed northward and defendant's' car would come on behind them, for the city ordinance gave plaintiff's car the right of way. To say the least, the evidence presents no situation where it may be said the plaintiff and her driver proceeded oblivious of the surrounding circumstances and without regard to their own safety."

(See, also, *Spohn v. Southern Kansas Stage Lines,* 142 Kan. 595, 50 P. 2d 1001.)

If we assume that the car being driven by defendant was somewhere in the block when plaintiff was about to enter the intersection, still we have evidence it was coming "pretty fast," slid two car lengths when the brakes were put on, and hit plaintiff's car when she was more than halfway across. She had a right to assume that the driver of the defendants' car would obey the law and either come to a stop at the intersection or proceed slowly enough so she could cross in safety. (See *Scheve v. Heiman,* 142 Kan. 370, 47 P. 2d 70; also *Hughes v. Motor Co.,* 111 Kan. 397, 207 Pac. 795.)

The trial court should not have sustained defendants' demurrer to plaintiff's evidence and the plaintiff's motion for a new trial was correctly sustained.

The judgment of the trial court is affirmed.