## No. 37,979

MITCHELL GARRISON, *Appellee*, v. J. C. DENTON, *Appellant*.

(223 P. 2d 718)

Opinion filed November 10, 1950.

*Douglas G. Hudson,* of Fort Scott, argued the cause, and *Douglas Hudson* and *Howard Hudson,* both of Fort Scott, were with him on the briefs for the appellant.

*Pete Farabi,* of Pittsburg, argued the cause, and *Sylvan Bruner, Morris Matuska* and *Don Musser,* all of Pittsburg, and *Joe L. Henbest,* of Columbus, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by the defendant in an action to recover damages to personal property and for personal injuries sustained by plaintiff in a collision of motor vehicles.

The jury failed to agree and was discharged. The sole issue presented is whether the trial court erred in overruling defendant's demurrer to plaintiff's evidence based on the ground such evidence disclosed plaintiff was guilty of contributory negligence as a matter of law.

On December 4, 1948, and at about 7:00 p. m. plaintiff, Mitchell Garrison, was driving his 1929 Ford two-door sedan in a southerly direction on U. S. highway 69, a black-top road. At a point approximately one and one-half miles south of the city of Columbus plaintiff made a left turn onto a country gravel road along which he lived. Defendant was driving a Ford V-8 pickup truck in the same southerly direction. When plaintiff was approximately 150 to 200 feet from the intersection he noticed through his rear vision mirror the lights of a car approximately a quarter of a mile behind him. Plaintiff was then traveling approximately twenty to twenty-five miles per hour. He lowered the left window, slowed down to around ten miles per hour, put his hand straight out for a left turn and pulled toward the center of the road from the west side. As he made the left turn he was traveling approximately five miles per hour.

Highway 69 was a black-top road eighteen to twenty feet wide with shoulders on each side making the total road about thirty feet wide. Plaintiff's car was just beyond the black-top after he turned east onto the gravel road before he was struck by defendant's truck. Defendant's truck scraped the side of a culvert on the east side of the road and plaintiff saw the sparks fly. There were skid marks off the pavement on the left or east side of the road for a distance of sixty feet. The skid marks led to defendant's truck. Plaintiff had his hand out for the turn for a period of ten or fifteen seconds. He pulled his hand back a second or two as he started to make the turn.

After the accident plaintiff inquired of defendant what he was doing off the highway. Defendant stated he did not know there was an intersection at that point. Plaintiff's car had good tail and head-lights and they were all on at the time in question. Defendant's car lights shown through the back window of plaintiff's car while plaintiff continued to have his hand out for a left turn. If plaintiff had looked through the rear vision mirror again before turning he might have seen the circumstances as they existed immediately before he started to turn to the left. Plaintiff admitted he did not look again to see how far away defendant's truck was for the reason he had his hand out for a left turn.

Appellant argues appellee's failure to look back again and make certain he could turn with safety constituted contributory negligence as a matter of law and barred recovery. It is, of course, dangerous to make a turn into the path of a closely oncoming car. Does it, however, constitute contributory negligence, as a matter of law, to make a turn irrespective of the circumstances? It would appear that, absent a statute, reasonable care in making a turn is required. We have a statute on the subject. Does it modifiy the rule with respect to the requirement of exercising reasonable diligence in addition to the giving of a signal? G. S. 1947 Supp. 8-547 reads:

"(a) No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety, and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement, or after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement. (b) A signal of intention to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning. . . ."

Appellant stresses subdivision (a) of the statute and cites cases from a few other jurisdictions based on similar statutes in which it was held the giving of a signal alone is not the sole test of compliance with the statute; that one making such a turn is also required to observe due care to see his movement may be made with safety.

Appellee gave the required signal. The question here is whether it can be said, as a matter of law, appellee did not use reasonable care in addition to the giving of a signal before making the turn? Appellee had given the signal for a period of ten or fifteen seconds and while traveling 150 to 200 feet before he started the turn. During this period he was pulling towards the center of the road

from the west. The lights of the oncoming vehicle were on appellee's car and it must be assumed he saw what appellee was doing.

Can it be said, as a matter of law, appellee was negligent in believing appellant's car would not be upon him while making the turn and in also believing appellant, in the exercise of due care, would observe appellee was preparing to make a turn? Assuming for the moment, and solely for the purpose of argument, these questions could be resolved against appellee, would that fact determine appellee's negligence as a matter of law under the facts in this particular case?

Appellee's car was not struck on the black-top. His car had cleared the black-top. Although it had not progressed far off the black-top it had cleared it. It appears appellant's truck would not have struck appellee's car had his truck remained on the black-top. Under all these facts we think we would not be justified in concluding appellee was guilty of contributory negligence as a matter of law. The evidence presented a state of facts on which the minds of persons reasonably could differ. That is precisely why the jury could not agree in this case and was discharged. Where reasonable minds may reach different conclusions on the evidence the case must be submitted to the jury. (*Hill v. Southern Kansas Stage Lines Co.,* 143 Kan. 44, 53 P. 2d 923.)

Another pertinent principle is here involved. Appellant had no right to pass appellee's car within 100 feet from the intersection. (G. S. 1947 Supp. 8-540.) Under the facts it must be assumed appellant knew appellee was preparing to make a left turn. Appellee had a right to assume appellant would observe the foregoing rule of law in view of appellant's notice of the intersection afforded by appellee's conduct. Appellee had the right to assume appellant would observe this rule of law until appellee had knowledge to the contrary. (*Sullivan v. Johnston,* 164 Kan. 386, 390, 190 P. 2d 417; *Gabel v. Hanby,* 165 Kan. 116, 193 P. 2d 239, and cases therein cited.) There is no evidence appellee had such knowledge or that in the exercise of reasonable diligence he should have been apprized of such fact.

The order overruling appellant's demurrer is affirmed.