No. 38,086

LOWELL SMITH, a minor, by Axia A. Smith, his mother and next friend, *Appellee*, v. VIRGIL E. SALTS, *Appellant*.

(224 P. 2d 1025)

Opinion filed December 9, 1950.

*Hal E. Harlan*, of Manhattan, argued the cause, and *A. M. Johnston*, of Manhattan, and *H. E. Crosswhite*, of Holton, were with him on the briefs for the appellant.

David Prager, of Topeka, argued the cause, and Edward Rooney and Jacob A. Dickinson, both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by the defendant in a damage action.

The sole contention of the defendant is the trial court should have sustained his demurrer to plaintiff's evidence on the ground the evidence disclosed plaintiff was guilty of contributory negligence as a matter of law.

It is elementary that on demurrer only evidence favorable to the party adducing it and favorable inferences to be drawn therefrom are to be considered. The injury was the result of a collision of automobiles. It occurred at night, on a country road about forty feet wide, at a place approximately 300 to 350 feet east of the brow of a hill. Defendant's car came over a hill from the west. On the night of the accident Mr. and Mrs. Wesley Jones and two daughters were visiting at the home of the Smiths. When they started to leave their car failed to start. Lowell Smith, the plaintiff, a minor between eighteen and nineteen years of age, got the Smith car and pushed the Jones car a short distance until the motor started. After the car had started Lowell followed the Joneses to bid them good-by. The Jones and Smith cars were moving in a westerly direction. Lowell stopped his car about a yard or two directly behind the Jones car. This left a space on the south of twenty to twenty-one feet between the Jones car and the south edge of the traveled portion of the road. This left ample space for a car coming from the west with both its doors open to pass on the south side of the road. There was also specific evidence the Jones car was stopped on the north side of the road.

After bidding the Jones family good-by Lowell turned his back to the west and started towards his car along the south side of the Jones car. He got as far as the rear fender of the Jones car, at any rate not to the door of his own car, when everything blacked out. He did not think he ever saw or heard defendant's car. It was his opinion that if a person was hit as he was he would not be able to remember things about the accident before he was hit. The lights were burning on the Jones and Smith cars at the time of the accident. There was also testimony no portion of the Jones car extended to the left-hand or south side of the road. Defendant's car struck the left front wheel, fender and headlight of the Jones car. Wesley Jones estimated the speed of defendant's car as seventy-five miles per hour

but stated that was purely a guess. It was three or four steps from the Jones car to the door of the Smith car. Defendant's car after striking the Jones car rolled about 120 feet toward the southeast.

Appellant argues appellee was guilty of contributory negligence in standing or walking beside the parked cars in the south lane of traffic where the visibility of a driver coming over the hill from the west was greatly reduced. We fail to see how the hill would have affected the driver's visibility had he been on his proper side of the road. The fact the boy was walking near the center or slightly to the south thereof, if the latter was a fact, cannot be said to have been the proximate cause of his injury. Appellee was not struck first by appellant's car while the latter was traveling along the south portion of the road. Appellant's car first struck the Jones car which, according to appellee's evidence, was situated on the north of the center of the road. That left twenty feet or more space for appellant's car to travel along the south side of the road and complied with the provisions of G. S. 1947 Supp. 8-570. Had appellant's car while traveling on the south side of the highway first struck appellee an entirely different question would be presented.

Appellant also argues appellee left his automobile directly behind the Jones car and so near the center as to block the highway. The evidence favorable to appellee does not support that contention. Moreover appellant did not strike the Smith car at all.

It is claimed appellee should have known a person approaching from over the hill would be blinded by the lights of the Jones and Smith cars. Appellee's evidence did not disclose appellant was blinded by such lights.

Appellant asserts the fact appellee testified he did not remember hearing or seeing appellant's car approaching discloses he was guilty of contributory negligence. That does not follow as a matter of law. Appellee after turning to go east was looking into the lights of his own car. The motors of the Jones and Smith cars were running and may have caused sufficient noise to prevent appellee hearing appellant's car. There is no evidence on that subject. On the other hand if appellee had observed the approach of appellant's car he would have had the right to assume, absent knowledge to the contrary, that appellant would observe the law and turn to his proper, the south, side of the road instead of striking the Jones car on the north side of the road. (*Sullivan v. Johnston,* 164 Kan. 386, 390, 190 P. 2d 417; *Gabel v. Hanby,* 165 Kan. 116, 193 P. 2d 239; *Garrison v. Denton,* 170 Kan. 79, 223 P. 2d 718.) Wesley Jones,

the driver of the Jones car, saw appellant's car approaching and believed it would miss his car. Whether a person had knowledge another was going to violate a rule of the road presents a jury question whenever reasonable minds might differ on the subject.

Under these circumstances *Gilbert v. Railways Co.*, 109 Kan. 107, 197 Pac. 872; *Broman v. Kimball*, 112 Kan. 186, 210 Pac. 191; *McCoy v. Pittsburg Boiler and Machine Co.*, 124 Kan. 414, 261 Pac. 30; *Anderson v. Thompson*, 137 Kan. 754, 22 P. 2d 438; *Hendren v. Snyder*, 143 Kan. 34, 53 P. 2d 472; *McCoy v. Fleming*, 153 Kan. 780, 113 P. 2d 1074, relied on by appellant, do not require or justify the sustaining of the demurrer to appellee's evidence.

Appellant concedes the special findings of the jury are not to be considered in passing on a demurrer to plaintiff's evidence. Although stating he has nothing to urge other than the ruling on the demurrer he nevertheless discusses some of the special findings under a separate argument that his motion for judgment *non obstante veredicto* should have been sustained. Although we are convinced the special findings do not compel a vacation of the general verdict we shall notice findings No. 4 and 10 emphasized by appellant.

Question and answer No. 10 were:

"What was the proximate cause of the accident?

"The location of the Jones car and the failure of Virgil Salts to swerve his car sufficiently to right to avoid said Jones car when sufficient space was available."

It is true the jury also found the wheels on the left side of the Jones car were on the center of the surfaced road. (Findings No. 4.) Under the evidence and finding No. 10 there remained ample space for appellant's car to pass on the south. In any event, however, appellee did not park the Jones car and cannot be charged with negligence in that respect.

It is also well to bear in mind the rule that it does not necessarily constitute negligence as a matter of law merely to stop a car on the wrong side of the highway. Under many circumstances that becomes a question of fact for the jury. (*Waltmire v. Ford*, 147 Kan. 732, 78 P. 2d 893.) The most that can be said in the instant case in that respect is that the jury found the left wheels of the Jones car were on the center of the highway. As previously stated, however, appellee did not stop it there. We think the trial court's rulings on the demurrer and on the motion for judgment *non obstante veredicto* were proper. The judgment is affirmed.