No. 38,939

VIVIEN SIEGRIST, *Appellant*, v. MAX WHEELER, CLYDE L. SHAMBURG, BURTON THOMPSON, and Clyde L. Shamburg and Burton Thompson, doing business as GLASCO TRUCKING COMPANY, a co-partnership, *Appellees.*

(259 P. 2d 223)

12

filed July 6, 1953.

*Ralph H. Noah,* of Beloit, argued the cause, and *Don W. Noah,* of Beloit, was with him on the briefs for the appellant.

*Lawrence Weigand,* of Wichita, argued the cause, and *R. L. Hamilton,* of Beloit, and *Claude I. Depew, W. E. Stanley, William C. Hook, Lawrence E. Curfman, Byron Brainerd, Charles W. Harris,* and *Orval J. Kaufman,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This case involves a street intersection collision in the city of Glasco, and is an appeal from an order of the trial court sustaining a demurrer to plaintiff's evidence in an action to recover for personal injuries sustained in the collision.

Appellant will be hereinafter referred to as plaintiff and appellees as defendants. Plaintiff's evidence in support of allegations contained in her amended petition may be summarized as follows:

First street in the city of Glasco is forty feet wide and runs east and west intersecting Fisher avenue, forty feet, six inches wide, at right angles. The street at the time was congested. On the morning of May 6, 1950, plaintiff was driving east on First street at a speed of fifteen miles per hour and when she approached a point twenty-five feet west of the intersection of Fisher avenue she slackened her speed to thirteen miles per hour, looked to the north on Fisher avenue and saw defendants' truck proceeding south on Fisher avenue. She estimated the truck was two-thirds the way up the block, or three or four times further north of the intersection than she was at the time. She testified the truck appeared to be moving slowly—"It wasn't going any ungodly rate of speed." She didn't know if her estimate of the truck's speed was a supposition or a judgment which she formed by watching the truck proceed. She took it that the truck was not going any faster than she was, and she was keeping within the speed limit. She thought the truck was being operated at a reasonable rate of speed when she looked, and thought she had plenty of time to go through the intersection and

way down the street before defendants' truck reached the intersection. She then looked to the right, or south, for oncoming traffic, then straight ahead and entered the intersection. When approximately halfway through the intersection she again looked to the north and saw the truck just a few seconds before it hit her, it was going just like a flash. On cross-examination, defendants' counsel asked plaintiff the following questions to which she answered:

"Q. Now, what I am trying to get at, what do you mean when you thought, did you base that thought on watching him proceed, seeing how fast he covered a certain distance, or did you do it on a supposition that he was going a certain way?

"A. Well, my goodness, I was almost to the intersection and he was almost to the north end of that block.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"Q. Will you tell the jury what your idea is of proceeding along as he should have been, what rate of speed?

"A. That was a congested street and he shouldn't be going too fast, I wouldn't think. Well, I don't know how many miles an hour, I couldn't tell that."

The city marshal testified that defendant Wheeler told him he was driving the truck at the time of the accident. After the truck hit plaintiff's car it slid all four wheels to the southeast, making real black marks on the pavement for a distance of twenty-nine feet. The bumper of the truck was on top of the running board of plaintiff's car and kept it from turning over. The skid marks began about the center of Fisher street, the impact occurring in the southwest quarter of the intersection. The cars came to rest six feet east of the west line of Fisher avenue.

Mr. Carlisle testified that defendant Wheeler prepared and signed a report of the accident for him, reading as follows:

"Had just went on duty; had the truck serviced at westside filling station and was on my way to the stockyard to load; when I arrived at this intersection I looked East and then the car was about 3 feet in front of truck and the truck hit the car at the door, pushed it sideways down street 29 feet before I got stopped. Signed Max Wheeler, Glasco, Kansas 5-6-50 Driver."

In view of the question involved, it is not necessary to relate further evidence, except that plaintiff suffered serious injuries as a result of the collision. At the time of the accident, the ordinance of the city provided that no person should drive a vehicle on the street at a speed greater than reasonable and prudent under the conditions then existing, and where no special hazard exists, twenty miles per hour should be lawful in the congested district, and twenty-

five miles per hour in the residential district, and that a speed in excess of such limits should be prima facie evidence that the speed was not reasonable.

G. S. 1949, 8-532, contains provisions similar to the mentioned ordinance.

Section 8-550 provides that the driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway. When two vehicles enter an intersection from different highways at the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.

At the conclusion of plaintiff's evidence, the lower court sustained defendants' demurrer on the ground that plaintiff's evidence clearly showed her to be guilty of contributory negligence as a matter of law so as to bar recovery, and it is from that ruling this appeal is taken.

The question for our determination is whether plaintiff's evidence showed her to be guilty of contributory negligence as a matter of law so as to justify the action of the trial court in taking the case from the jury.

With respect to the ruling on the demurrer, defendants recognize the well-known rule that in testing the sufficiency of evidence as against a demurrer, the court shall consider all the plaintiff's evidence as true, shall consider that favorable to plaintiff, together with all reasonable inferences to be drawn therefrom and disregard that unfavorable to plaintiff, and shall not weigh any part that is contradictory, nor weigh any differences between her direct and cross examination, and, if so considered, there is any evidence which sustains the plaintiff's case, the demurrer should be overruled. (*Hill v. Southern Kansas Stage Lines Co.*, 143 Kan. 44, 53 P. 2d 923; *McCracken v. Stewart*, 170 Kan. 129, 223 P. 2d 963; *Fry v. Cadle*, 171 Kan. 14, 229 P. 2d 724; *Messinger v. Fulton*, 173 Kan. 851, 252 P. 2d 904; *Briggs v. Burk*, 174 Kan. 440, 257 P. 2d 164; *Samms v. Regier*, 167 Kan. 556, 207 P. 2d 414; *Blankenship v. Fraker*, 173 Kan. 438, 249 P. 2d 683.)

Defendants contend that plaintiff's action at the intersection fell below the standard which might be expected of an average prudent person. In determining whether a plaintiff is guilty of contributory negligence when tested by a demurrer, the question must be submitted to the jury if the facts are such that reasonable minds might

reach different conclusions thereon. (*McCracken v. Stewart; Fry v. Cadle,* both supra; and cases therein cited.) Guided by the foregoing well-established rules of law, upon a fair survey of the record narrated above, we think the trial court was in error in sustaining the demurrer to plaintiff's evidence.

From the testimony it is clear that plaintiff entered the intersection to the right of defendants' truck. When twenty-five feet from the intersection, driving at a speed of from thirteen to fifteen miles per hour, she noticed the defendants' truck was almost to the north end of the block. This evidence warranted a conclusion that plaintiff was in the intersection while defendants' truck was still some distance away. Plaintiff having entered the intersection first had the right to assume that she could continue across the street and that defendants' truck driver would not exceed the speed at which she had reason to anticipate it would approach and cross the intersection. She also had a right to expect that defendants' truck driver would so operate his truck that if traffic conditions required slowing up, he could avoid injury to other users of the streets. (*Scheve v. Heiman,* 142 Kan. 370, 47 P. 2d 70; *Schneider v. Stewart,* 170 Kan. 158, 163, 223 P. 2d 698.)

We cannot agree with defendants' contention. Our most recent expression of the legal question herein involved is stated in *Lawrence v. Kansas Power & Light Co.,* 167 Kan. 45, 204 P. 2d 752, which has been cited and quoted with approval in our more recent authorities, reading as follows:

"The legal questions here involved are so well settled in our law that they need not be labored. The actions were ones at common law in which plaintiffs sought damages alleged to have resulted from defendant's negligence, and defendant had pleaded contributory negligence of the plaintiffs. These are the kinds of actions in which each party is entitled to a trial by jury as a matter of right. They should not be converted into trials by the court. Negligence is the lack of due care. The instances are relatively rare when the facts are such that the court should say that as a matter of law the negligence alleged has been established. Before the court should make such a holding the evidence should be so clear that reasonable minds, considering it, could have but one opinion, namely, that the party was negligent. In these cases we think the contributory negligence of plaintiffs was clearly a question of fact for the jury. More than that, plaintiffs were not required to anticipate that with their car in the intersection defendant's bus would be driven into it and against their car at a speed of twenty-five to thirty miles per hour, with its driver not watching enough to know that the car was in the intersection. Under the evidence the jury might very well have found such acts of defendant to be the proximate cause of the injury." (p. 49.)

The rule is well established that the operator of an automobile may assume that others using the streets will observe the law, and he is not guilty of contributory negligence in acting upon such assumption unless and until he has knowledge to the contrary. (*Sullivan. v. Johnston*, 164 Kan. 386, 390, 190 P. 2d 417; *Garrison v. Denton*, 170 Kan. 79, 82, 223 P. 2d 718; *Schneider v. Stewart*, supra; *Beecher v. Stepanian*, 170 Kan. 201, 205, 224 P. 2d 1017; *Smith v. Salts*, 170 Kan. 313, 315, 224 P. 2d 1025; *Fry v. Cadle*, supra; *Cain v. Steely*, 173 Kan. 866, 875, 252 P. 2d 909, and more than a score of our cases holding to the same effect, which may be found in 1 Hatcher's Kansas Digest [Rev. Ed.], Automobiles, § 30, and West's Kansas Digest, Automobiles, § 206.)

Defendants rely on *Cruse v. Dole*, 155 Kan. 292, 124 P. 2d 470; *Orr v. Hensy*, 158 Kan. 303, 147 P. 2d 749; *Ray v. Allen*, 159 Kan. 167, 152 P. 2d 851, and *Most v. Holthaus*, 170 Kan. 510, 227 P. 2d 144. None of these cases are applicable under the facts in the instant case. The Cruse case was a guest case involving an accident occurring at a blind intersection on a county highway. The Orr case likewise involved a collision at an intersection of township roads, in which plaintiff testified that he did not see the defendant's car approach; that there was nothing to obscure his view preventing his seeing it. The court held that ineffectual looking has no more legal significance than if he had not looked at all. In the Ray case, plaintiff testified that he had no idea how fast defendant's truck was moving; that he could have stopped, but he stated, "Why should I stop when the right of way was mine." The Most case is another involving a collision on two county highways. The plaintiff testified that she saw defendant's car but thought she was on a through road or highway protected by stop signs. As soon as she saw defendant was not going to stop at the assumed stop sign, she applied her brakes and was unable to avoid the collision.

It may be conceded from our many reported negligence cases there may be found decisions in which something has been held or said that can be construed as tending to support the respective positions of each of the parties to this appeal. Even so, it must be remembered that every negligence action depends upon the factual situation disclosed by the record on which it is decided, and that other decisions are of little value as legal precedents unless, as rarely occurs, the governing facts and circumstances are similar. From our examination of the authorities last above mentioned,

cited by diligent counsel for defendants, we fail to find anything in those decisions which would warrant our deciding the instant case on the factual situation therein involved. It is apparent from the evidence in the instant case, the question of the contributory negligence of the plaintiff, if any, was a matter to be submitted to the jury, and that the trial court erred in sustaining the demurrer and entering judgment for the defendants.

Defendants submit that the demurrer of defendant Thompson was properly sustained for an additional reason, *i. e.*, that plaintiff failed to prove the partnership relationship between defendants Thompson and Shamburg.

No useful purpose would be gained in relating all of plaintiff's testimony regarding the co-partnership existing between defendants Thompson and Shamburg. Suffice it to say that on November 17, 1947, defendants Burton J. Thompson and Clyde L. Shamburg entered into a written agreement of partnership in the trucking business under the name and style of Glasco Trucking Company, of Glasco, Kan., and that each agreed to contribute one-half the total cash necessary to operate the business and to share all expenses equally and all profits derived therefrom in the same ratio.

Plaintiff's Exhibit 1 is a certified copy from the corporation commission of an order transferring certificate of convenience on route No. 2034 from one Harry S. Porter to the defendants Burton J. Thompson and Clyde L. Shamburg, doing business as Glasco Trucking Company. Plaintiff's Exhibit 2 shows certificate of public convenience and necessity issued to defendants Thompson and Shamburg, a partnership, doing business as Glasco Trucking Company under date of June 17, 1949, and further, a certified copy of an order granting Interstate Commerce Commission carrier license No. R-3244 to the named defendants as co-partners. Plaintiff's Exhibit 3 was a certified copy of an insurance policy issued to Burton J. Thompson and Clyde L. Shamburg, doing business as Glasco Trucking Company, and attached thereto is a list of the trucks and trailers entitled to operate under said permit, and the truck in question in this action is listed among said trucks and trailers used in the entire operation of the Glasco Trucking Company. In the operation of said company, reports were made as required by law under the name of the co-partnership. In addition thereto, the defendants held themselves out to the general public as co-partners, doing business as the Glasco Trucking Company, and so acted for a long

period of time prior to the date of the collision between the plaintiff's car and defendants' truck in this action. An examination of the record reveals that plaintiff's evidence as to the co-partnership existence was amply sufficient to make out a prima facie case. Defendants' contention of nonexistence of such co-partnership was a defensive matter for which they may present evidence at the proper stage of the trial.

In view of what has been said, the judgment of the lower court is reversed and the case remanded with directions to the trial court to set aside its order sustaining the demurrers to the plaintiff's evidence, and to proceed with the new trial in accordance with the views herein expressed.