No. 39,369

BLANCHE STEPHENS, *Appellant,* v. WENDEL F. BACON, MRS. WENDEL F. BACON, and ALVIN W. BACON, a Minor, *Appellees.*

(271 P. 2d 285)

Opinion filed June 12, 1954.

*Charles S. Fisher, Jr.,* of Topeka, argued the cause, and *T. M. Lillard, O. B. Eidson, Phil H. Lewis,* and *James W. Porter,* all of Topeka, were with him on the briefs for the appellant.

*Arthur L. Claussen,* of Topeka, argued the cause, and *A. Harry Crane* and *Ward D. Martin,* both of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This is an action by an automobile passenger to recover damages for personal injuries sustained by her as the result of a collision between two automobiles at the intersection of two county roads. The appeal is from an order sustaining a demurrer to the plaintiff's evidence and a judgment for costs.

No questions are raised respecting the pleadings and all that

need be said regarding them is that the petition charges the proximate cause of the injuries sustained by the plaintiff in the collision at the intersection was the negligence of the defendant Alvin Bacon, a minor, in driving his automobile upon the highway and into such intersection, and that the answer, denied by allegations of a reply, states such injuries resulted from plaintiff's own negligence and the joint negligence of her husband who was driving the automobile in which she was riding. However, in leaving the pleadings it should perhaps be stated they join issue on the question, with which we are not concerned on appellate review and to which we will make no further reference, whether the minor defendant was driving the vehicle under the direction, control and in the furtherance of the joint interest of his parents, who are joined as defendants in the action.

With issues as related the cause came on for trial by a jury. At the conclusion of plaintiff's evidence the trial court sustained defendants' demurrer, solely on the ground her evidence disclosed she was guilty of contributory negligence as a matter of law which precluded her right to recover in the action. Thereafter it dismissed the jury and entered judgment against her for costs. This appeal follows.

The parties concede the sole appellate issue involved is whether the trial court erred in sustaining appellees' demurrer to the appellant's evidence for the reason heretofore mentioned. On that account this opinion will be limited to consideration of factual matters essential to the disposition of such issue which, it should be kept in mind, must be disposed of in the light of the well established rule (See *Briggs v. Burk*, 174 Kan. 440, 442, 257 P. 2d 164; *Siegrist v. Wheeler*, 175 Kan. 11, 259 P. 2d 223; *Bishop v. Huffman*, 175 Kan. 270, 272, 262 P. 2d 948; *Spencer v. Supernois*, 176 Kan. 135, 268 P. 2d 946; *State, ex rel., v. Miller*, 176 Kan. 175, 268 P. 2d 964; and other decisions to the same effect listed in West's Kansas Digest, Appeal & Error, § 927 [5], Trial, § 156 [2] [3]; Hatcher's Kansas Digest, [Rev. Ed.], Appeal & Error, § 488, Trial, §§ 149 to 151, Incl.) that in ruling on a demurrer to the evidence an appellate court does not weigh or compare contradictory testimony but must accept all evidence as true, give it the benefit of all inferences that may properly be drawn therefrom, and consider only such portions thereof as are favorable to the party adducing it.

Turning to the record it can be said, the general factual picture

essential to a disposition of the appellate issue, without attempting to relate all details of the testimony, may be stated substantially in the form of the statement of facts on which appellees rely to sustain their position the ruling on the demurrer was proper. However, it should be stated, that upon reviewing the record in the manner above indicated, we deem it necessary to supplement such statement in certain particulars by reference to evidence which, for purposes of determining the propriety of the ruling on a demurrer, must be accepted as true.

On a bright sunshiny spring morning in June 1952 appellant and her husband were traveling east out of Topeka on a east-west county road in an automobile. Appellant was riding in the front seat, on the right hand side of the vehicle, and her husband was driving. They proceeded along such highway at a moderate rate of speed for a few miles until they approached a north-south gravel county road, intersecting with the one on which they were traveling. At a point some three hundred feet west of the intersection there was nothing to prevent them from seeing cars approaching from the south for at least a quarter of a mile, or for that matter in any direction. When they were about three car lengths west of the intersection an automobile crossed it from the north, raising a cloud of dust. They slowed down but continued on to the west edge thereof without stopping, although their speed was such they could have stopped almost immediately. Prior to entering the intersection the appellant, as well as her husband, looked in each direction. The dust raised by the south bound car had cleared so that they could see to the north and to the east across the intersection where they observed no cars were approaching from that direction. The dust to the south of the intersection had cleared to the extent cars coming from the south would have been discernible for a distance of two car lengths south of the intersection. After each of such parties had made the foregoing observation appellant's husband slowly entered the intersection and started across without any protest or remonstrance on her part. After reaching what he considered to be the center line of the intersection, or just to the east of such line, he looked and saw no car approaching from the south. Thereupon he proceeded on across the intersection. The next thing he saw was the Bacon car, which he stated was traveling from fifty to sixty miles per hour, and which he described as looking like a flash because it came so quick, coming from the south. A fraction of a second

later such automobile collided with his car, the collision occurring six or seven feet east of the center line of the twenty-six foot north and south road in the southeast quadrant of the intersection of the two highways, and appellant sustained the injuries described in her petition.

That a plaintiff's negligence, or his contributory negligence, bars his recovery in an action for damages sustained in an automobile collision and requires the sustaining of a demurrer to his evidence as a matter of law where either negligence or contributory negligence clearly appears from the evidence introduced by him, regardless whether he is the driver of or a guest in one of the automobiles involved in the accident, cannot be questioned. (See *Most v. Holthaus*, 170 Kan. 510, 227 P. 2d 144, and authorities there cited.) Even so, it must be remembered the universal rule is he cannot be held to be guilty of such negligence as a matter of law or—as was held in the case at bar—a demurrer sustained to his evidence on that premise, if the evidence of record, viewed in the light most favorable to his cause, is of such character that reasonable minds in the exercise of fair and impartial judgment might reach different conclusions respecting that question. In that event, it is to be noted, all of our decisions hold a demurrer to his evidence should be overruled and such issue submitted to a jury for decision. See, e. g., *In re Estate of Modlin*, 172 Kan. 428, 434, 241 P. 2d 692; *Cain v. Steely*, 173 Kan. 866, 252 P. 2d 909; *Briggs v. Burke*, 450, *supra; Siegrist v. Wheeler*, *supra*. For numerous other decisions see Hatcher's Kansas Digest (Rev. Ed.), Negligence, §§ 73, 75; West's Kansas Digest, Negligence, § 136 (9) (10).

To the foregoing principles of law another, equally well established, which must be given consideration in determining whether the evidence discloses appellant was guilty of contributory negligence precluding her recovery as a matter of law, must be added. It is that the operators of a motor vehicle, as well as the passengers riding therein, may assume that others using the streets, roads and highways of the state will observe the law and are not guilty of either negligence or contributory negligence in acting upon such assumption unless and until they have knowledge to the contrary. Two of our latest decisions wherein the rule is stated, discussed and applied, are *Bishop v. Huffman*, 175 Kan. 270, 272, 262 P. 2d 948; and *Siegrist v. Wheeler*, *supra*. Numerous other cases may be found

upon resort to Hatcher's Kansas Digest, (Rev. Ed.), Automobiles, § 30; and West's Kansas Digest, Automobiles, § 206.

At this point we pause to note the rule just mentioned is of particular importance here by reason of the confronting facts and circumstances. Our uniform act regulating traffic on the highways prescribes that violations thereof are misdemeanors (G. S. 1949, 8-5,125), provides that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing (G. S. 1949, 8-532), and requires that the driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway (G. S. 1949, 8-550 [a]).

The appellant's evidence, which we repeat must be accepted as true for purposes of ruling on the demurrer, discloses that the car in which she was riding not only entered the intersection first but was more than half way across it before it was entered by the Bacon automobile. It also reveals that such automobile was being driven in a cloud of dust and emerged therefrom just prior to entering the intersection at a speed greater than was reasonable and proper under the conditions then existing. Moreover, it cannot be denied that appellant's testimony, when given the benefit of the inferences to which it is entitled under the rule, must be interpreted as stating that she first saw the Bacon car, after her husband had driven into the intersection, when it emerged from the cloud of dust and entered such intersection at such a rate of speed it could not be stopped before hitting the automobile in which she was riding.

No useful purpose would be served by again spelling out or repeating the evidence of record. It suffices to say that when all such evidence is reviewed and critically examined in the light of principles of law, to which reference has been heretofore made, we are impelled to hold, that for purposes of ruling on the demurrer, it discloses such probative facts and circumstances that reasonable men in the exercise of fair and impartial judgment might reach different conclusions as to whether appellant was guilty of contributory negligence precluding her recovery as a matter of law. This conclusion, as we have heretofore indicated, means that decision of that question should have been submitted to the jury for its determination.

We are told, and since it has not been denied assume, that in the court below the appellees placed great weight on our decisions

of *Robinson v. Short,* 148 Kan. 134, 79 P. 2d 903; and *Goodman v. Wisby,* 152 Kan. 341, 103 P. 2d 804. We have no quarrel with the rule announced in those decisions, which are clearly distinguishable. They hold that it is negligence as a matter of law for a motorist to operate his automobile on a highway at such speed that it could not be stopped within the distance objects could be seen ahead of it and hence are of no value as controlling precedents under the facts and circumstances here involved.

Based on what has been heretofore stated and held the ruling on the demurrer to the evidence is reversed, the judgment thereafter rendered is set aside and the cause is remanded for further proceedings.