**Rex D. NEAL, Plaintiff-Appellant,**

v.

**A. L. KROPP and Leonard Kropp, d/b/a Kropp Produce Company, and Lloyd Jackson, Defendants-Respondents.**

No. 22480.

Kansas City Court of Appeals.

Missouri.

March 4, 1957.

John M. Belisle, Osceola, Lowell L. Knipmeyer, Knipmeyer, McCann & Sanders, Kansas City, for appellant.

Robert L. Spurrier, Butler, for respondents.

CAVE, Judge.

The plaintiff filed suit against the defendants seeking to recover damages to his oil truck resulting from a collision with a truck owned by the produce company, at a county road intersection in the State of Kansas. A trial resulted in a verdict and judgment for plaintiff in the sum of $4,000. The defendants filed a motion to set aside the verdict and judgment and to enter judgment in favor of the defendants in accordance with their motion for directed verdict offered at the close of all the evidence, and in the alternative, a motion for new trial. In due time, the court sustained defendants' motion to set aside the verdict and judgment, and entered a judgment in favor of the defendants. The

plaintiff appealed from this order and judgment.

It is stipulated that plaintiff's cause of action has been dismissed in the Circuit Court of Bates County without prejudice against the defendant Lloyd Jackson. It also appears from the record that counter-claims which were filed by the produce company and Jackson were dismissed in the circuit court. Consequently, the parties in interest on this appeal are plaintiff Neal and defendant produce company.

Defendant's motion for judgment at the close of all the evidence contained but two grounds: (1) that plaintiff failed to prove a prima facie case of negligence against defendant; and (2) that the evidence discloses that the driver of plaintiff's truck was guilty of contributory negligence as a matter of law. In sustaining the motion and entering judgment for the defendant, the court did not specify the ground therefor.

Plaintiff's petition alleged primary negligence on the part of defendant's driver in the following respects: (a) excessive speed; (b) failure to keep proper lookout; (c) failure to operate at a reasonable rate of speed and at a speed at which the truck could be stopped on appearance of danger; (d) entering the intersection at a high and unreasonable rate of speed; (e) entering the intersection when the defendant knew or could have known that the vehicle of plaintiff was in the intersection. The answer denied the allegations of negligence and alleged that the collision was the result of the negligence of plaintiff's driver in certain specified particulars.

There is no conflict in the evidence relative to the causes of the collision. Defendant's truck driver was rendered unconscious at the time of the collision and recalled no preceding facts. Plaintiff's driver was the only witness to the collision. He testified that he was driving plaintiff's oil truck eastward on a county gravel road, the travelled portion of which was about 17 feet wide; that defendant's truck was being driven northward by Jackson, on a county gravel road, the travelled portion of which was about 15 feet wide; that the collision occurred in the intersection, and when the front bumper of plaintiff's truck was about even with the ditch on the east side of the north and south road; that the collision occurred about 9 a. m. on a clear day, and the roads were dry; that he was thoroughly familiar with the intersection; that he had driven across it every other day for the past six months; that for about one-quarter of a mile before reaching the intersection, he was driving 20 or 25 miles per hour and on a slight down grade; that he maintained the same speed up to and into the intersection; that there are some hedge trees on the south side of the road on which he was travelling and on the west side of the road on which defendant's truck was being driven, but that such hedge trees cease about 150 feet west of the intersection and 150 feet south of the intersection; that when he passed the last hedge tree to his right, or the south, he looked to the south to see if a vehicle was approaching from that direction, but saw none; that thereafter he continued at the same speed and without again looking to the south, until he had entered the intersection, "and just as I got into the intersection, in the middle, why, I glanced to the right and saw this truck, and in just an instant he hit me. * * * Q. How far did your truck move from the time that you saw the Jackson truck until the collision occurred? A. About 2 or 3 feet. * * * Q. Would it be correct * * * to say that it was just a split second? A. Yes, sir"; that when he first saw defendant's truck it was not more than 10 or 15 feet from him; that in his opinion, defendant's truck was being driven about 55 or 60 miles per hour; that immediately after the collision, plaintiff's truck was turned slightly to the northeast and came to rest in the road ditch at that corner; that Mr. Jackson was lying on the ground about 6 feet from plaintiff's truck and was unconscious and remained so until after he was taken away; and that de-

fendant's truck came to rest about 100 to 150 feet east of the intersection and in the south road ditch. The vehicles collided at the right front door of the cab of plaintiff's truck, and the left front part of defendant's truck.

Plaintiff, the owner of the oil truck, testified that the over-all length of his truck was 17½ feet; that it was 8 feet wide; that it was 9 or 10 feet in height; that it was in excellent operating condition; that it could be stopped within 12 feet at a speed of 20 miles per hour; and that defendant's truck had an overall length of "approximately 12 foot".

Lt. Coon of the Kansas Highway Patrol testified for plaintiff, and stated that he went to the scene of the accident very shortly thereafter, and took certain photographs, which were introduced in evidence; that he found debris in the middle of the intersection; that there were no traffic signs or regulations at the intersection; that there were some weeds southwest of the intersection, but that they were not high enough to obscure the view of either truck driver; (the photographs which he took, and which we have examined, show that the view of neither driver was obstructed); that there was just one lane of traffic on both roads; that the intersection was in "open country"; and that the location of the trucks after the accident was as above described.

There was testimony relative to the value of plaintiff's truck before and after the collision, but we are not concerned with that question on appeal.

■ This cause of action having arisen in the State of Kansas, the substantive rights of the parties are to be determined by the Kansas law. Bartling v. Firestone Tire & Rubber Co., Mo.App., 275 S.W.2d 618. It is the law of Kansas that: "* * * in testing the sufficiency of evidence as against a demurrer, the court shall consider all of plaintiff's evidence as true, shall consider that favor-

able to plaintiff, together with all reasonable inferences to be drawn therefrom, and disregard that unfavorable to plaintiff, and shall not weigh any part that is contradictory, * * *". Siegrist v. Wheeler, 175 Kan. 11, 259 P.2d 223, 224, 225. It is also the law of Kansas that: "In determining whether a plaintiff is guilty of contributory negligence when tested by a demurrer, the question must be submitted to the jury if the facts are such that reasonable minds might reach different conclusions thereon". Siegrist v. Wheeler, supra, 259 P.2d 226.

In Cruse v. Dole, 155 Kan. 292, 124 P.2d 470, 473, it is said; "Contributory negligence has been defined as conduct on the part of a plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, cooperating with the negligence of the defendant in bringing about the plaintiff's harm (Restatement, Torts, § 463) and that it is conduct which falls short of the standard to which the reasonable man should conform in order to protect himself from harm. Id., § 466. And in the comment respecting the last section it is said that it is immaterial the defendant's conduct falls farther below the standard of a reasonable man than does that of the plaintiff."

■ With these rules in mind, we consider the question of whether plaintiff's driver was guilty of contributory negligence as a matter of law.

The evidence clearly establishes certain vital facts pertinent to this question. Plaintiff's driver was thoroughly familiar with this intersection, and knew the limited distance in which northbound traffic could be observed by the driver of an eastbound vehicle; that when he was within 150 feet of the intersection, he could observe a vehicle 150 feet south of the intersection; (and of course, as he proceeded, his vision to the south would be extended); that when he reached this point of 150 feet west of the intersection, he looked to the

south and saw no approaching traffic, and continued into the intersection without reducing his speed or again looking to the south; that when he was in about the middle of the intersection, he saw defendant's truck not more than 10 or 15 feet away, and that his truck did not move more than 2 or 3 feet before the collision. If that be true, then, indeed, the collision occurred within a finely "split second" after he entered the intersection. According to plaintiff's own testimony, his truck could have been stopped within 12 feet, travelling at the speed of 20 miles per hour and under the conditions there existing. Consequently, if plaintiff's driver had again looked to the south at any time before reaching a point 12 feet west of the intersection, he could have seen defendant's truck in time to have stopped and avoided the collision.

Of course, plaintiff's driver was not required to look only to the south, but since his view in that direction was somewhat limited, it should have alerted him to the danger of a vehicle approaching from that direction. He had ample time to make a second observation to the south before entering the intersection, and due care required him to do so.

Many cases are cited in the briefs, but it would add nothing to the law for us to discuss and differentiate all such citations. That has been very well done by the Kansas Supreme Court in the recent case of Green v. Higbee, 176 Kan. 596, 272 P.2d 1084, where the court discussed a set of facts comparable to those in the instant case, and held that the plaintiff was guilty of contributory negligence as a matter of law. In that opinion, the court reviewed an array of prior Kansas decisions and distinguished various ones on the facts. In doing so, it said, among other things, 272 P.2d 1088: "In each of them the plaintiff at least testified *he had maintained a continuous lookout* for approaching vehicles on other highways or streets *before attempting to enter the intersection*. In each of them plaintiff testified he reduced

his speed to a low rate before entering. * * * In all of them plaintiff at least testified he had entered well into the intersection first and also concerning circumstances which in his mind indicated exercise of caution." Other cases ruling a similar set of facts are: Orr v. Hensy, 158 Kan. 303, 147 P.2d 749, and Cruse v. Dole, supra. In the Orr case, the court said, 147 P.2d 753: "But since it was negligence for defendant to fail to observe plaintiff's automobile as it approached the crossing from the east, how can we avoid saying it was negligence for plaintiff to fail to observe defendant's automobile as it came from the north? Each automobile was in plain view to the driver of the other car. * * * Each driver was utterly oblivious to the approach of the other. This court cannot stultify itself by holding that in such situation defendant was negligent and that plaintiff was not."

In Burton v. Moulder, Mo.Sup., 245 S. W.2d 844, our supreme court considered the facts of a collision at a road intersection in Kansas, and held the plaintiff guilty of contributory negligence as a matter of law. That opinion reviews many Kansas decisions on the subject, and, as we have said, it would serve no useful purpose for this court to recite the facts and distinguish the cases cited by plaintiff. For those interested, the principal cases relied on by plaintiff are: Beye v. Andres, 179 Kan. 502, 296 P.2d 1049; Thompson v. Barnette, 170 Kan. 384, 227 P.2d 120; Schneider v. Stewart, 170 Kan. 158, 223 P.2d 698; Siegrist v. Wheeler, 175 Kan. 11, 259 P.2d 223; Lawrence v. Kansas Power & Light Co., 167 Kan. 45, 204 P. 2d 752; Fry v. Cadle, 171 Kan. 14, 229 P.2d 724; Byas v. Dodge City Rendering Co., 177 Kan. 337, 279 P.2d 252; Harding v. Peterson, Mo.App., 227 S.W.2d 88; Burke v. Renick, Mo.App., 249 S.W.2d 513. These cases announce certain general principles of law relative to contributory negligence which lend support to plaintiff's contention that his driver was not guilty of contributory negligence as a

matter of law. But such general statements must be read in the light of the facts. We do not consider any of them controlling under the conceded facts in the instant case.

We believe reasonable minds would agree that the conduct of plaintiff's driver fell below the standard to which he should have conformed to avoid the collision.

The judgment is affirmed.

BROADDUS, P. J., concurs.

DEW, J., not participating.